**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4766**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

GREGORY MCLEOD,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Mary G. Lewis, District Judge. (4:13-cr-01013-MGL-1)

─────────────

Argued: September 17, 2015      Decided: October 30, 2015

─────────────

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by published opinion. Judge Niemeyer wrote the opinion, in which Judge Shedd and Judge Keenan joined.

─────────────

**ARGUED**: Michael A. Meetze, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** William N. Nettles, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

NIEMEYER, Circuit Judge:

After Gregory McLeod pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the district court sentenced him to 188 months' imprisonment, having applied a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). ACCA mandates a 15-year minimum sentence for defendants with three previous "violent felony" convictions, including convictions for burglary. To satisfy the predicate convictions requirement of ACCA, the district court relied on McLeod's five convictions in 1998 for committing second-degree burglary in Dillon, South Carolina, in violation of South Carolina Code § 16-11-312. The indictment in each of those cases charged McLeod with breaking and entering a commercial building with the intent to commit a crime.

On appeal, McLeod contends that the district court erred in applying the ACCA enhancement in two respects. First, he contends that because the predicate offenses were not charged in the indictment in this case, his conviction for simply violating § 922(g)(1) did not support the sentence imposed, violating his Fifth and Sixth Amendment rights. Second, he contends that his 1998 South Carolina convictions for second-degree burglary did not qualify as "violent felonies" under ACCA because the statutory elements of those convictions, as well as the relevant

2

state court records, did not limit those convictions to generic burglary, which is breaking and entering into a building or structure, see Taylor v. United States, 495 U.S. 575, 599 (1990), but rather allowed the possibility that he had been convicted of breaking and entering into a vehicle, watercraft, or aircraft. Because a conviction for breaking and entering into a vehicle, watercraft, or aircraft would not be considered generic burglary, it would not qualify as a predicate offense under ACCA.

We conclude that McLeod's first argument lacks merit, as it is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998). But we conclude that his second argument does have merit, as the evidence that the government offered with respect to at least four of his five burglary convictions did not show that they qualified as "violent felonies" under ACCA because the government was unable to demonstrate that the object of each conviction was necessarily a building or structure, as distinct from a vehicle, boat, or airplane. Accordingly, we affirm his conviction but vacate his sentence and remand for resentencing.

I

In May 2014, McLeod pleaded guilty to unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). Because the

3

presence report showed that McLeod had five previous convictions for second-degree burglary, in violation of South Carolina Code § 16-11-312, the district court concluded at sentencing that those convictions were for "violent felonies" and that McLeod therefore qualified as an armed career criminal, requiring the court to impose a sentence of at least 15 years' imprisonment. 18 U.S.C. § 924(e). With respect to four of those convictions, the underlying indictments charged McLeod with willfully and unlawfully entering a "building" in the nighttime -- namely, the Cottingham ABC Store, the Rippetoe Canvas Company, the Dillon Company, and Walmart, respectively -- with the intent to commit a crime. The parties agree that those indictments charged McLeod with second-degree burglary of a building, in violation of South Carolina Code § 16-11-312(B).

During the sentencing hearing, McLeod's attorney stated to the court:

> Judge, we don't have any objections to the guideline calculations like in the [presentence] report, but there are a couple things that Mr. McLeod wanted me to raise.
>
> He wanted me to object to say that the Government should have -- should have been required to name his predicate offenses in the indictment, and he wanted me to object to say that South Carolina burglary second offenses shouldn't count as violent felonies [under ACCA].
>
> And I've explained to him that that is not the law right now as to both of those issues. But he wanted me to make those with the understanding that Your

4

Honor would overrule those today, but he wanted me to pursue those on appeal to see if any court would revisit these issues and maybe make a change in the law.

As anticipated, the district court overruled McLeod's objections, applied the ACCA enhancement, and sentenced him to 188 months' imprisonment.

On appeal, McLeod argues the two issues he preserved: (1) that the district court should not have been able to enhance his sentence under ACCA because the government did not include his predicate convictions in the indictment and (2) that his 1998 South Carolina convictions for second-degree burglary do not qualify as "violent felonies" for ACCA sentence-enhancement purposes.

II

McLeod contends first that the government should have included the prior convictions that were the basis for his sentencing enhancement in the indictment and proved them to a jury and that the government's failure to do so violated his Fifth and Sixth Amendment rights. He recognizes that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres, but he argues that that case was "incorrectly decided." He also recognizes that we are bound by Almendarez-Torres, raising the argument only to preserve it for further review by the Supreme Court.

5

Because Almendarez-Torres is still controlling law, we affirm the district court's rejection of this argument.

III

McLeod also contends that the district court erred in relying on his 1998 South Carolina convictions for second-degree burglary to enhance his sentence under ACCA, maintaining that the convictions do not qualify as predicate convictions under ACCA. He argues that the elements of the offense for which he was convicted in South Carolina are broader than generic burglary because the statute prohibits not only the breaking and entering of a building or structure but also of other "edifices and things." As he points out more specifically, the statute of conviction also prohibits breaking and entering into vehicles, boats, or planes. He argues accordingly that the convictions cannot serve as predicate burglary convictions, which must be limited to breaking and entering into a building or structure. See Taylor, 495 U.S. at 599.

The government contends that McLeod's previous South Carolina convictions qualify as predicate offenses under ACCA because the relevant indictments show that his convictions were for "burglary of a building," which matches the generic definition of burglary announced by the Supreme Court in Taylor. Applying the modified categorical approach to analyze McLeod's

6

predicate offenses, as authorized by Taylor and Descamps v. United States, 133 S. Ct. 2276, 2283-85 (2013), the government argues that "[e]ach of the state indictments demonstrates that the State charged McLeod under the building section of the second-degree burglary statute [§ 16-11-312(B)], conspicuously noting the particular building burglarized and that the burglaries occurred during the nighttime."

As applicable to the issues in this case, ACCA provides that any person convicted under 18 U.S.C. § 922(g) who "has three previous convictions . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). And a "violent felony" is defined to include the crime of burglary when punishable by imprisonment for a term exceeding one year. Id. § 924(e)(2)(B)(ii).

The Supreme Court has concluded that, when Congress included burglary as a predicate offense in ACCA, it intended to refer to a generic definition of burglary. Taylor, 495 U.S. at 589, 599. The Court rejected arguments that sentencing courts could use any state definition of burglary, noting the problems that would result from wide variations in the definition. Id. at 590-91. It explained that Congress intended to use "uniform, categorical definitions to capture all offenses of a certain level of seriousness that involve violence or an inherent risk thereof." Id. at 590 (emphasis added). Addressing burglary in

7

particular, the Taylor Court defined generic burglary as an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599.

Because Congress intended for courts to use a categorical approach when determining whether a prior conviction was for generic burglary, id. at 588-89, the Taylor Court instructed that, in following that approach, a sentencing court may rely only on the statutory elements of the burglary conviction and the fact of conviction and may not rely on the particular facts underlying the conviction, see id. at 600-02; see also Descamps, 133 S. Ct. at 2283. When, however, a statute defines burglary with alternative elements such that one alternative corresponds to generic burglary and another does not, a sentencing court may apply the "modified categorical approach," which allows it to examine certain court records or documents to determine whether the defendant was convicted of generic burglary or an alternative form of burglary that would not qualify as a predicate offense. See Descamps, 133 S. Ct. at 2281; Nijhawan v. Holder, 557 U.S. 29, 35 (2009); Shepard v. United States, 544 U.S. 13, 16 (2005). Those documents are generally limited to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial

judge to which the defendant assented." Shepard, 544 U.S. at 16.

In Nijhawan, the Court addressed a burglary statute, similar to the South Carolina statute in this case, that criminalized "Breaking and Entering at Night" in any one of four locations: a "building, ship, vessel or vehicle." 557 U.S. at 35. It "recognized that when a statute so 'refer[s] to several different crimes,' not all of which qualify as an ACCA predicate, a court must determine which crime formed the basis of the defendant's conviction." Descamps, 133 S. Ct. at 2284 (quoting Nijhawan, 557 U.S. at 35). Similarly, in Johnson v. United States, the Court reaffirmed that, "[w]hen the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, . . . the 'modified categorical approach' . . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record -- including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." 559 U.S. 133, 144 (2010) (quoting Nijhawan, 557 U.S. at 41 (internal quotation marks omitted)). As the Descamps Court explained, "the job . . . of the modified approach [is] to identify, from among several alternatives, the crime of conviction so that the court can

9

compare it to the generic offense." 133 S. Ct. at 2285 (emphasis added).

In this case, McLeod was charged with second-degree burglary of a building under South Carolina Code § 16-11-312(B), which provides in relevant part:

> (B) A person is guilty of burglary in the second degree if the person enters a <u>building</u> without consent and with intent to commit a crime therein, and . . . :
>
> > (3) The entering or remaining occurs in the nighttime.

(Emphasis added). The sentence for a violation of § 16-11-312(B) exceeds one year. S.C. Code Ann. § 16-11-312(C).* While this statutory language appears at first glance to parrot the language of generic burglary, as defined in <u>Taylor</u>, the statute defines the term "building" to include "any structure, vehicle, watercraft, or aircraft," <u>id.</u> § 16-11-310(1), providing elements alternative to generic burglary. In this circumstance, the district court was allowed to employ the modified categorical approach, which allowed it to consider the charging document to identify the crime of conviction. <u>See</u> <u>Descamps</u>, 133 S. Ct. at 2284; <u>Nijhawan</u>, 557 U.S. at 35; <u>Taylor</u>, 495 U.S. at 602.

---

* South Carolina Code § 16-11-312(C) was amended in 2010, but the version of the statute in effect at the time of McLeod's offenses authorized a term of imprisonment exceeding one year for second-degree burglary.

10

In this case, the government claims that because the charging document excluded vehicles, watercraft, or aircraft and noted that McLeod was charged only with entering a building, specifically naming the building in each case, the district court did not err in considering McLeod's second-degree burglary convictions as predicate offenses under ACCA.

The problem with the government's position, however, arises from evidence revealed by the parties' second supplemental joint appendix, which they filed with the court long after the briefing in this case had been completed. That second supplemental joint appendix contained McLeod's plea to and sentencing for the four charged burglaries that we are considering, showing that McLeod did not plead guilty, as charged, to second-degree burglary of a building under § 16-11-312(B), which is a crime characterized by South Carolina law as "violent." See S.C. Code Ann. § 16-1-60. Instead, he pleaded guilty to "nonviolent" second-degree burglary. Although the plea and sentencing record do not cite the specific statutory subsection that McLeod pleaded guilty to violating, only § 16-11-312(A) (second-degree burglary of a "dwelling"), not § 16-11-312(B) (second-degree burglary of a "building"), is characterized as "nonviolent" under South Carolina's second-degree burglary law. See id. § 16-1-70. Apparently by agreement, McLeod was allowed to plead guilty to the different

11

crime of nonviolent burglary, which could benefit him in the future with respect to certain sentencings. See, e.g., S.C. Code Ann. § 16-3-20(C)(b)(1) (requiring judges in capital cases to instruct as to the mitigating circumstance that "[t]he defendant has no significant history of prior criminal conviction involving the use of violence against another person"); State v. Rogers, 527 S.E.2d 101, 103-04 (S.C. 2000). Because McLeod pleaded guilty to second-degree burglary of a dwelling under § 16-11-312(A) and not the crime charged in the indictment under § 16-11-312(B), the indictment becomes irrelevant for determining the crime of conviction.

The statute under which McLeod pleaded guilty, § 16-11-312(A), provides:

> A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.

(Emphasis added). Again, the sentence for a violation of § 16-11-312(A) exceeds one year. See S.C. Code Ann. § 16-11-312(C). The word "dwelling" is defined to include "the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person." Id. § 16-11-310(2) (emphasis added). And "building" is defined to include "any structure, vehicle, watercraft, or aircraft." Id. § 16-11-310(1). Consequently, with his plea agreement, McLeod was convicted under South Carolina law of burglarizing a "dwelling" that could

12

have been "any structure, vehicle, watercraft, or aircraft," so long as a person "used or normally used" the location for "sleeping, living, or lodging."

While the modified categorical approach again would allow the district court to determine whether McLeod's plea under § 16-11-312(A) involved generic or nongeneric burglary, the government presented no "charging document, written plea agreement, transcript of plea colloquy, or any explicit factual finding by the trial court to which the defendant assented" to show that the crime of conviction was generic burglary. Shepard, 544 U.S. at 16. The relevant documents indicate only that McLeod pleaded guilty to "nonviolent" second-degree burglary, which, under South Carolina law, can only mean burglary of a "dwelling," as prohibited by § 16-11-312(A). But the plea did not incorporate any facts, and the buildings described in the indictments relate to the different offense under § 16-11-312(B). Because we cannot determine whether McLeod pleaded guilty to generic burglary with respect to four of his 1998 burglary convictions, they cannot serve as predicate offenses under ACCA.

Although the government devoted its brief to McLeod's purported violations of § 16-11-312(B), as charged in the indictments, it notes in a footnote to its brief that, even if McLeod's prior convictions were under § 16-11-312(A), they

13

nonetheless would be for generic burglary, because we so concluded in United States v. Wright, 594 F.3d 259, 266 (4th Cir. 2010). In Wright, we observed, without more, that the language of § 16-11-312(A) "tracks the generic definition of burglary set forth by the Supreme Court in Taylor" and therefore concluded that "South Carolina's burglary statute [§ 16-11-312(A)] falls within the ACCA's list of prior offenses." Id. The holding in Wright, however, did not focus on that issue, as it was not briefed and argued to the court. Rather, the issue in Wright was whether the defendant was carrying a firearm when he concededly stole firearms from homes. See id. at 265 ("[T]he only question is whether as a definitional matter Wright 'carried' firearms when he admittedly stole them from homes on three separate occasions"). In concluding that Wright did "carry" firearms such that his convictions could be used to enhance his sentence under ACCA, we began the analysis by simply observing what was not challenged -- i.e., that the language of § 16-11-312(A) tracked the language of generic burglary. Id. at 266. That passing comment, however, never discussed whether § 16-11-312(A) was broader than generic burglary in light of the definition of "dwelling" given by the statute; the defendant conceded the fact that "homes" were involved. In these circumstances, we conclude that the government can draw little comfort from our passing observation that the statutory language

14

tracked the definition of burglary as given in <u>Taylor</u>.  <u>See</u> <u>United States v. Hemingway</u>, 734 F.3d 323, 335 (4th Cir. 2013) (applying a similar analysis of <u>Wright</u>).

For the reasons given, we affirm McLeod's conviction but vacate his sentence and remand for resentencing.

<u>IT IS SO ORDERED</u>.