**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4144**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALLEN KIRKLAND MACK,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Mary G. Lewis, District Judge. (6:14-cr-00462-MGL-1)

Submitted: December 29, 2015      Decided: February 4, 2016

Before KING, SHEDD, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Max B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Kirkland Mack appeals his conviction and the 120-month sentence imposed following his guilty plea to possessing firearms and ammunition after sustaining a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012). Mack's attorney initially filed her brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there were no nonfrivolous issues for appeal but asking this court to review the reasonableness of Mack's sentence. Although informed of his right to file a pro se supplemental brief, Mack declined to do so.

After conducting our Anders review of the record, we identified the following nonfrivolous issue: what impact, if any, United States v. McLeod, __ F.3d __, No. 14-4766, 2015 WL 6575673 (4th Cir. Oct. 30, 2015), has on the computation of Mack's sentencing range.* We directed the parties to file merits briefs addressing this issue.

---

* In McLeod, this court held that South Carolina's second-degree burglary statute, see S.C. Code Ann. § 16-11-312(B) (2003), read in conjunction with the statutory section that defines the word "building" as any structure, vehicle, watercraft, or aircraft where any person lodges or lives, where people assemble for a variety of purposes, or where goods are stored, see S.C. Code Ann. § 16-11-310(1) (2003), "provid[ed] elements alternative to generic burglary," and thus that the district court could use the modified categorical approach to determine McLeod's "crime of conviction." McLeod, 2015 WL 6575673, at *4. We vacated McLeod's sentence and remanded his
(Continued)

2

In her merits brief, counsel for Mack argues that, under McLeod, Mack's prior South Carolina third-degree burglary convictions no longer qualify, categorically, as predicate violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Counsel asks us to vacate Mack's sentence and remand this case to the district court for resentencing in light of McLeod. The Government agrees and likewise asserts that Mack is entitled to relief under McLeod. As discussed below, we affirm Mack's conviction but vacate his sentence and remand this case to the district court for resentencing in light of McLeod.

First, although not raised as an issue in the Anders brief, we have reviewed the transcript of Mack's Fed. R. Crim. P. 11 hearing and conclude that the district court complied with the requirements of Rule 11 in accepting Mack's guilty plea. Moreover, Mack did not raise any Rule 11 objections in the district court, and any omissions from the Rule 11 colloquy do not amount to plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002) (holding that an otherwise unraised claim of Rule 11 error is reviewed for plain error); see also United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (ruling that, to

---

case for resentencing because the documents available for review under the modified categorical approach did not conclusively resolve whether McLeod was convicted of generic burglary. Id. at *5-6.

3

establish that a district court's noncompliance with Rule 11 affected substantial rights, a defendant bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea").

Finally, our review of <u>McLeod</u> and the other pertinent authorities confirms the parties' position that Mack should be resentenced in light of <u>McLeod</u>. Accordingly, we vacate Mack's sentence and remand this case to the district court for resentencing on this basis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>