UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4439

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LAZARUS FREDERICO BEATTY,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty Jr., Senior District Judge.  (1:16-cr-00014-JAB-1)

Submitted:  March 29, 2017                                  Decided:  July 31, 2017

Before WILKINSON, DUNCAN, and THACKER, Circuit Judges.

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Wilkinson and Judge Thacker joined.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Defendant-Appellant Lazarus Frederico Beatty appeals his conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on the grounds that his previous North Carolina convictions for breaking and entering, N.C. Gen. Stat. § 14-54 ("North Carolina Breaking and Entering"), do not qualify as predicate crimes of violence. For the reasons that follow, we affirm the district court.

I.

On March 9, 2016, Defendant pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). J.A. 8–16. Prior to and at sentencing, Defendant objected to the use of his four prior convictions for North Carolina Breaking and Entering as ACCA predicates. J.A. 69–71. Finding that these prior convictions qualified as violent felonies under ACCA,[1] the district court sentenced Defendant to 180 months' imprisonment. J.A. 48–49, 61–66; *see* 18 U.S.C. § 924(e)(1). Defendant timely appealed. J.A. 67.

---

[1] To reach this conclusion, the district court relied on *United States v. Mungro*, 754 F.3d 267 (4th Cir. 2014), which held that North Carolina Breaking and Entering "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary," *id.* at 272.

2

II.

We review de novo whether a prior offense qualifies as an ACCA predicate. *United States v. Gardner*, 823 F.3d 793, 801 (4th Cir. 2016). Because North Carolina Breaking and Entering qualifies as a violent felony under ACCA, we affirm the district court.

ACCA requires a mandatory minimum sentence of 180 months imprisonment for anyone who violates 18 U.S.C. § 922(g)(1) and has three prior convictions for a "violent felony or a serious drug offense, or both" committed on separate occasions. 18 U.S.C. § 924(e)(1). A violent felony "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

This case involves the second, or enumerated, clause. In order to qualify as a predicate offense under ACCA's enumerated clause, *see id.* § 924(e)(2)(B)(ii), the elements of a state crime cannot be broader than the elements of an enumerated generic crime, *see Taylor v. United States*, 495 U.S. 575, 599 (1990).

The generic elements of burglary are "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 598. North Carolina Breaking and Entering defines "building" as "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54(c).

3

*United States v. Mungro*, 754 F.3d 267 (4th Cir. 2014), provides ample grounds for our affirmance. In *Mungro*, this court held that North Carolina Breaking and Entering "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary," and thus qualifies as a predicate offense under ACCA's enumerated clause. *Id.* at 272.

Defendant argues that *Mungro* does not control because his argument concerns the "building" element of North Carolina Breaking and Entering, whereas the defendant's argument in *Mungro* focused on the "entry" element. Appellant's Br. at 4–5. Defendant's argument does not persuade this court. *See United States v. Thompson*, 615 F. App'x 160, 160–11 (4th Cir. 2015) (per curiam) (unpublished); *United States v. Henriquez*, 757 F.3d 144, 146 (4th Cir. 2014).

Still we take pains to note that Defendant's argument also falters because North Carolina courts construe North Carolina Breaking and Entering's "building" element in a manner that tracks generic burglary's "building" element. *See, e.g.*, *State v. Gamble*, 286 S.E. 2d 804, 805–06 (N.C. Ct. App 1982).[2] Thus, even absent *Mungro*, Defendant's

---

[2] To further bolster our conclusion, we note that North Carolina has a separate statute, N.C. Gen. Stat. § 14-56, that distinguishes the breaking and entering of vehicles, boats, aircrafts, and other watercrafts from "buildings"--the main issue that has led the Supreme Court and this court to strike down other similar statues as having a "building" element broader than that of generic burglary. *See Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016); *United States v. White*, 836 F.3d 437, 445–46 (4th Cir. 2016); *see also State v. Pope*, 2008 WL 4911803, at *3–4 (N.C. Ct. App. 2008) (unpublished) (discussing N.C. Gen. Stat. § 14-56); *State v. Douglas*, 282 S.E. 2d 832, 834 (N.C. Ct. App. 1981) (distinguishing between § 14-54 and § 14-56 by looking into the permanence versus mobility of a mobile home); *State v. Bost*, 286 S.E. 2d 632, 634–35 (N.C. Ct. App. (Continued)

appeal lacks merit because North Carolina Breaking and Entering's "building" element sweeps no broader than generic burglary's "building" element. *Compare Taylor*, 495 U.S. at 598, *with* N.C. Gen. Stat. § 14-54(c).[3]

---

1982) (employing the test of permanence versus mobility to decide whether a trailer constitutes a "building").

[3] In *Mungro*, the defendant argued that because the "entry" element of North Carolina Breaking and Entering was too broad, the court should not construe his prior convictions as ACCA predicates. *Mungro*, 754 F.3d at 269–270. Defendant relies on *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), for the proposition that absent indication from the text of a panel's opinion, and no matter how broadly a panel phrases its holding, we should assume the panel decided a categorical-approach issue only concerning the elements briefed and argued before the court. *See id.* at 977; Appellant's Br. at 7–10.

*McLeod* dealt with South Carolina's burglary statute. *McLeod*, 808 F.3d at 973. Prior to *McLeod*, this court had held that South Carolina's burglary statute "tracks the generic definition of burglary set forth by the Supreme Court in *Taylor*" and therefore burglary "falls within ACCA's list of prior offenses." *United States v. Wright*, 594 F.3d 259, 266 (4th Cir. 2010). Nevertheless, this court concluded *Wright* did not control because the *McLeod* court did not consider briefing or hear argument on the issue--that is, whether South Carolina's burglary statute was broader than generic burglary because of its "dwelling" element. *McLeod*, 808 F.3d at 977.

If *McLeod* conflicts with *Wright* or *Mungro*, *Wright* or *Mungro* would control as the earlier panel decisions. *See McMellon v. United States*, 387 F.3d 329, 333 (2004). Nevertheless, we need not sift through all possible conflicting relationships between *Wright*, *Mungro*, and *McLeod* because North Carolina Breaking and Entering's "building" element sweeps no broader than generic burglary.

### III.

We affirm the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*