**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7728**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT MCNATT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:08-cr-00359-FL-1; 5:16-cv-00624-FL)

Submitted:  June 7, 2018                    Decided:  June 19, 2018

Before NIEMEYER and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chad I. Golder, Washington, D.C., Teresa A. Reed, MUNGER, TOLLES & OLSON LLP, San Francisco, California, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Vincent McNatt pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced McNatt based on the enhanced statutory penalties in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012) (ACCA). Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), we granted McNatt permission to file a successive 28 U.S.C. § 2255 (2012) motion challenging his ACCA status. The district court denied relief on McNatt's motion, but granted a certificate of appealability, and McNatt appealed. For the following reasons, we affirm.

Under the ACCA, a defendant convicted of violating § 922(g)(1) is subject to a statutory minimum sentence of 15 years of imprisonment if he has sustained 3 prior convictions for either violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e). A violent felony is an offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "The first clause is known as the 'force clause'" and "[t]he second clause consists of several enumerated crimes, as well as a 'residual' or 'otherwise' clause." *United States v. Chisolm*, 579 F. App'x 187, 190 (4th Cir. 2014) (No. 13-4177) (argued but unpublished).

In *Johnson*, the Supreme Court determined that the residual clause of the definition of a violent felony is unconstitutionally vague. 135 S. Ct. at 2556-63. The

2

Court also held that the rule from *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Therefore, in order for a prior conviction to qualify as a violent felony under the ACCA following *Johnson*, it must qualify either under the enumerated offense clause or under the force clause. We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Hemingway*, 734 F.3d 323, 331 (4th Cir. 2013).

Here, McNatt has sustained three predicate violent felonies for application of the enhanced penalties under the ACCA. McNatt has prior North Carolina convictions for robbery with a dangerous weapon, breaking and entering, and assault with a dangerous weapon with intent to kill inflicting serious injury. These offenses all qualify as violent felonies under the ACCA even after *Johnson*. *See United States v. Townsend*, 886 F.3d 441, 448 (4th Cir. 2018) (North Carolina assault with deadly weapon with intent to kill inflicting serious injury categorically a violent felony under the force clause); *see also United States v. Burns-Johnson*, 864 F.3d 313, 315-20 (4th Cir. 2017) (same with respect to North Carolina's robbery with a dangerous weapon offense); *United States v. Beatty*, 702 F. App'x 148, 150-51 (4th Cir. 2017) (No. 16-4439) (reaffirming this court's holding that North Carolina's breaking and entering statute criminalizes no more than generic burglary and is an enumerated offense under the ACCA). The district court, therefore, correctly concluded that McNatt remains an armed career criminal.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*