**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6114**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LAMONT LLOYD,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 17-6297)

Submitted:  July 30, 2018                                        Decided:  August 2, 2018

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Cody James Groeber, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2016, Robert Lamont Lloyd filed a motion under 28 U.S.C. § 2255 (2012), seeking to correct his sentence imposed pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). The district court denied relief, finding, as relevant here, that Lloyd failed to timely challenge whether his prior conviction for South Carolina second degree burglary was properly counted as one of his three ACCA predicates. On appeal from that decision, we denied a certificate of appealability and dismissed Lloyd's appeal. *United States v. Lloyd*, 692 F. App'x 711 (4th Cir. 2017) (No. 17-6114). Lloyd then petitioned the Supreme Court for a writ of certiorari. In response, the Government stated that Lloyd might no longer qualify as an armed career criminal, and indicated that, to the extent Lloyd's burglary claim was meritorious, it would waive any statute of limitations defense. The Supreme Court granted the certiorari petition, vacated this court's judgment, and remanded "in light of the position asserted by the Solicitor General." *Lloyd v. United States*, 138 S. Ct. 925 (2018).

We agree that Lloyd's conviction for South Carolina second degree burglary no longer qualifies as an ACCA predicate. *See United States v. McLeod*, 808 F.3d 972, 976-77 (4th Cir. 2015). Because the Government has affirmatively waived its statute of limitations defense, we must overlook any timeliness defect relating to Lloyd's burglary claim. *See Wood v. Milyard*, 566 U.S. 463, 466 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense."). Because Lloyd does not have three qualifying predicate convictions, we conclude that Lloyd is entitled to resentencing without the ACCA enhancement. Although Lloyd has

2

already completed his prison sentence, he may still benefit from a reduction in the length of supervised release.

Accordingly, we grant a certificate of appealability, vacate Lloyd's terms of supervised release, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*