**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4950**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY EDWARD CARTER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:18-cr-00257-DCN-1)

Submitted: March 31, 2021                                Decided: April 22, 2021

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Edward Carter, Jr., appeals the 151-month sentence imposed following his guilty plea to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Carter as a career offender based on a prior South Carolina conviction for distribution of crack cocaine in proximity of a school, in violation of S.C. Code Ann. § 44-53-445 (2000), and a federal conviction for possession of a firearm in furtherance of a drug trafficking crime. On appeal, Carter contends that the court erred in sentencing him as a career offender because his South Carolina conviction does not categorically qualify as a controlled substance offense. We affirm.

We review de novo the district court's determination that Carter's prior conviction qualifies as a controlled substance offense under the Sentencing Guidelines. *See United States v. Allen*, 909 F.3d 671, 674 (4th Cir. 2018). "Generally, we use the categorical approach when assessing whether a state crime constitutes a . . . controlled substance offense under the Guidelines." *United States v. Furlow*, 928 F.3d 311, 318 (4th Cir. 2019) (internal quotation marks omitted), *vacated on other grounds*, 140 S. Ct. 2824 (2020). Under this method, we examine the elements of the defendant's prior offenses—rather than the facts underlying the conviction or the defendant's actual conduct—to determine whether they correspond with the elements of the generic predicate. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In certain limited circumstances, however, we may modify the categorical approach to determine whether a prior conviction serves as a predicate for enhancement. *Id.* at 2249. Under this modified categorical approach, "when

2

a state statute is divisible (i.e., specifies elements in the alternative, thereby defining multiple offenses)," *Furlow*, 928 F.3d at 318, a court may examine certain court records or documents to determine which version of the crime a defendant was convicted of committing, *United States v. McLeod*, 808 F.3d 972, 975 (4th Cir. 2015).

Carter contends that S.C. Code Ann. § 44-53-445 is indivisible and that, because the statute is overbroad, his prior conviction is not a controlled substance offense for purposes of U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2(b) (2018). However, we have previously explained that S.C. Code Ann. § 44-53-445 "set[s] forth alternative elements constituting separate crimes" and, therefore, is divisible and subject to the modified categorical approach. *United States v. Marshall*, 747 F. App'x 139, 149-50 (4th Cir. 2018) (No. 16-4594) (argued but unpublished); *see Furlow*, 928 F.3d at 320-22 (citing with approval *Marshall* and holding that S.C. Code Ann. § 44-53-375(B) similarly is subject to the modified categorical approach).

We therefore conclude that the modified categorical approach applies to Carter's prior conviction under S.C. Code Ann. § 44-53-445. Carter does not dispute that, under this approach, his conviction qualifies as a controlled substance offense under USSG § 4B1.2. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*