Vacated and remanded by published opinion. Judge DAVIS wrote the opinion, in which Chief Judge TRAXLER, and Judges MOTZ, KING, GREGORY, SHEDD, DUNCAN, AGEE, KEENAN, WYNN, DIAZ, FLOYD, and THACKER joined. Judge WILKINSON wrote a dissenting opinion, in which Judge NIEMEYER joined.

ON REHEARING EN BANC

DAVIS, Circuit Judge:
The issue before us is whether the Maryland crime of resisting arrest, Md. Code, Crim. Law § 9 — 408(b)(1), “has as an element the use, attempted use, or threatened use of physical force against the person of another,” and therefore qualifies categorically as a “crime of violence” within the meaning of U.S. Sentencing Guideline § 2L1.2, the reentry Guideline. We hold that it does not.
The reentry Guideline advises federal district judges to increase by twelve or sixteen the offense level of a defendant convicted of unlawfully entering or remaining in the United States if that defendant has a prior felony conviction for “a crime of violence.” U.S.S.G. § 2L1.2(b)(l)(A). “Crime of violence” is defined in the Commentary to the reentry Guideline as including two groups of offenses: the first group is certain listed offenses, such as murder, kidnapping, or arson; the second is “any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). This latter provision is referred to as “the force clause.”
Having pleaded guilty to one count of unlawful reentry of a deported alien after sustaining an aggravated felony conviction, 8 U.S.C. § 1326(a) and (b)(2), Marcel Aparicio-Soria was sentenced in the District of Maryland to a thirty-six month term of imprisonment and a three-year term of supervised release. The Government had argued at sentencing that Apari-cio-Soria’s sentence should be enhanced according to the force clause of the reentry Guideline because he has a prior 2006 Maryland conviction for resisting arrest. The district court agreed, imposing the sentence based on two rulings: first, it ruled that Aparicio-Soria’s prior conviction for resisting arrest did not qualify categorically as a crime of violence because “the degree of force” required for a conviction pursuant to the Maryland resisting arrest statute is less than that contemplated by the force clause, J.A. 109; and second, it applied the modified categorical approach to evaluate the relevant documentation surrounding Aparicio-Soria’s resisting arrest conviction, and it concluded that his particular conviction qualified as a crime of violence. The documentation indicated that Aparicio-Soria had bitten a law enforcement officer attempting to arrest him.
On appeal, the parties agree, in light of intervening precedent, Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2282, 186 L.Ed.2d 438 (2013), that the district court’s application of the modified categorical approach was error, but they disagree about the result reached with respect to the categorical approach. In Descamps, the Supreme Court held that federal sentencing courts are prohibited from *154 applying the modified categorical approach when the state crime in question “has a single, indivisible set of elements.” 133 S.Ct. at 2282. Because the Maryland crime of resisting arrest has a single and indivisible set of elements, infra at 7, Des-camps makes clear that the district court’s application of the modified categorical approach was improper.
We may, however, affirm the district court on any ground in the record, including those rejected by the district judge. United States v. Moore, 709 F.3d 287, 293 (4th Cir.2013). Accordingly, the Government maintains that we should affirm the judgment because the Maryland crime of resisting arrest qualifies categorically as a crime of violence under the force clause of the reentry Guideline. Aparieio-Soria defends the district court’s ruling on this point, arguing that his prior Maryland conviction for resisting arrest does not qualify categorically as a crime of violence. We review the district court’s ruling de novo. United States v. Gomez, 690 F.3d 194, 197 (4th Cir.2012).
This case requires application of the framework outlined by the Supreme Court in Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 1269-70, 176 L.Ed.2d 1 (2010), in which the Court compared the Florida offense of felony battery to the force clause in the Armed Career Criminal Act to assess whether the former qualifies categorically as a “violent felony.” Although Johnson involved construction of the term “violent felony” in the Armed Career Criminal Act and not the reentry Guideline,[1] we nevertheless consider its interpretation controlling in this case because the language of the force clause in the Armed Career Criminal Act and the reentry Guideline is identical, and we have previously relied on case law construing one provision as helpful in construing the other. United States v. Montes-Flores, 736 F.3d 357, 363 (4th Cir.2013).
To determine whether a state crime qualifies categorically as a crime of violence pursuant to the force clause of the reentry Guideline, we compare the force clause with the elements of the state crime at issue and assess whether the latter contains as “an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). As required by the categorical approach, our analysis is restricted to “the fact of conviction and the statutory definition of the prior offense.” Taylor v. United States, 495 U.S. 575, 603, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (construing the Armed Career Criminal Act). To the extent that the statutory definition of the prior offense has been interpreted by the state’s highest court, that interpretation constrains our analysis of the elements of state law. Johnson, 130 S.Ct. at 1269.
We begin with the force clause. The Supreme Court has given the term “physical force” as used in an identical force clause a particular meaning: “violent force — that is, force capable of causing *155 physical pain or injury to another person.” Id. at 1271. This construction of violent force specifically excludes from consideration “the slightest offensive touching,” id. at 1270, and it does so in large part because of the context in which the term appears — in a definition of the term “violent felony.” See id. at 1271.
We next analyze the prior state crime. The Maryland statute criminalizing resisting arrest provides in pertinent part that “[a] person may not intentionally ... resist a lawful arrest.” Md.Code, Crim. Law § 9 — 408(b)(1). Although resisting arrest was previously a common law crime, the Maryland General Assembly’s codification of it did not change the elements of resisting arrest,[2] Williams v. State, 435 Md. 474, 79 A.3d 931, 944 (2013), which are:
(1) that a law enforcement officer attempted to arrest the defendant;
(2) that the defendant knew that a law enforcement officer was attempting to arrest [him] [her]; and
(3) that the defendant refused to submit to the arrest and resisted the arrest by force.
Maryland Pattern Jury Instructions-Criminal 4:27 (1995).
The third element of a Maryland resisting arrest offense requires resistance “by force.” Precedent from the state’s highest court indicates that the force required for conviction of resisting arrest is no more than the type of de minimis force constituting an offensive touching. In Nicolas v. State, 426 Md. 385, 44 A.3d 396, 409 (2012), the Maryland Court of Appeals held that convictions for resisting arrest and second degree assault merge because “[a]ll of the elements of second degree assault are included within the offense of resisting arrest.” And in this context, the court stated that the force required for sustaining a resisting arrest conviction “is the same as the ‘offensive physical contact’ that is required to find a defendant guilty of the battery variety of second degree assault.” Id.[3] (citation omitted). The salient point is that the force requirement of the Maryland crime of resisting arrest requires only offensive physical contact.
The last step in the analysis is comparing the force clause with the elements of Maryland resisting arrest. The precise issue before us is whether a Maryland conviction for resisting arrest contains as an element the use, attempted use, or threatened use of violent force capable of causing physical pain or injury against another person. U.S.S.G. § 2L1.2 cmt. n. l(B)(iii); Johnson, 130 S.Ct. at 1271. It does not. According to the Court of Appeals of Maryland, the force required for conviction pursuant to the Maryland resisting arrest statute is merely “offensive physical contact,” Nicolas, 44 A.3d at 409, a threshold far lower than violent force capable of causing pain or injury to another. We have recently emphasized this point, applying Descamps to hold that the Maryland offense of second degree assault (1) contains indivisible elements and therefore is not amenable to the modified categorical approach, and (2) categorically is *156 not a crime of violence, United States v. Royal, 731 F.3d 333, 341-42 (4th Cir.2013), Karimi v. Holder, 715 F.3d 561, 568 (4th Cir.2013), thereby abrogating several of our pre-Descamps precedents that had applied the modified categorical approach to Maryland assault convictions. See United States v. Harcum, 587 F.3d 219, 224 (4th Cir.2009); United States v. Simms, 441 F.3d 313, 315 (4th Cir.2006); United States v. Coleman, 158 F.3d 199, 202 (4th Cir. 1998); United States v. Kirksey, 138 F.3d 120, 125 (4th Cir.1998).
The Government makes several arguments in response, none of which we find persuasive. It cites Rich v. State, 205 Md.App. 227, 44 A.3d 1063 (Spec.App.2012), an opinion from Maryland’s intermediate appellate court, for the proposition that the Maryland resisting arrest statute criminalizes “conduct that by its very nature is violent and physically aggressive.” Govt. Br. 12. This is true as a matter of simple logic, because resisting arrest could certainly be committed in that fashion. But here we deal with elements, not conduct. Descamps, 133 S.Ct. at 2283. The Government’s argument also fails because, to the extent that Rich can even be read in the way the Government reads it, it would be inconsistent with the law as articulated by Maryland’s highest court in Nicolas — and that is the law that binds us, not an opinion from Maryland’s intermediate appellate court.[4] Johnson, 130 S.Ct. at 1269. Rich has never been cited by the Maryland Court of Appeals and its reasoning has never been adopted. Indeed, the Court of Appeals’ most recent recitation of the elements of the crime of resisting arrest in Maryland altogether omits the force element and replaces it with a “re-fus[al] to submit” element. Williams, 79 A.3d at 944 (“(1) [T]he defendant was arrested; (2) the arrest was lawful; and (3) the defendant refused to submit to the arrest.”) (citations and quotations omitted). There is no plausible argument that violent force of the type contemplated by the force clause of the reentry Guideline is a required element of the Maryland crime of resisting arrest. Cf. United States v. Romo-Villalobos, 674 F.3d 1246, 1249 (11th Cir.2012) (holding that the Florida crime of resisting arrest “by offering or doing violence to the person of such officer” is a “crime of violence” pursuant to the force clause of the reentry Guideline) (citation omitted) (emphasis added).
The Government persists, citing two of our prior cases — United States v. Wardrick, 350 F.3d 446, 454-55 (4th Cir.2003), and United States v. Jenkins, 631 F.3d 680, 683-85 (4th Cir.2011)' — -to buttress its argument that Maryland resisting arrest is an “inherently violent” crime that “poses a substantial risk of physical injury to officers.” Govt. Br. 13. This argument also fails, and for a simple reason: Wardrick and Jenkins involved different clauses of different sentencing provisions. Both cases involved “the residual clause,” which categorizes prior state offenses as federal sentencing predicates if they criminalize “conduct that presents a serious potential risk of physical injury to another.” This language appears in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), and the career offender Guideline, U.S.S.G. § 4B1.2(a)(2).
*157 But it is not in the reentry Guideline. That is why Wardrick and Jenkins are irrelevant to this case. In Wardrick, 350 F.3d at 454, we held that Maryland resisting arrest was a “violent felony” pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), but there we asked whether the crime fell under the residual clause, and thus criminalized “conduct that present[ed] a serious potential risk of physical injury to another”; similarly, in Jenkins, 631 F.3d at 682-85, we held that Maryland resisting arrest was a “crime of violence” within the meaning of the residual clause of the career offender Guideline, U.S.S.G. § 4B1.2(a)(2), but again we were asking whether resisting arrest “involve[d] conduct that presents a serious potential risk of physical injury to another.”
The Government pushes on. After all, it contends, offenses that criminalize conduct that presents a serious risk of physical injury cannot be far removed from those that contain as an element the use of violent force. It is perhaps instinctively alluring to conflate the risk of physical injury with the use of violent force, but we refuse to do so because it is directly contrary to Supreme Court and sound Fourth Circuit precedent: Sykes v. United States, - U.S. -, 131 S.Ct. 2267, 2273, 180 L.Ed.2d 60 (2011), in which the Supreme Court held that the Indiana offense of resisting law enforcement through felonious vehicle flight qualified as a violent felony under the residual clause of the Armed Career Criminal Act, but not under the force clause of the same statute; and United States v. Jarmon, 596 F.3d 228, 230 (4th Cir.2010), in which we held that the North Carolina crime of “larceny from the person” was a crime of violence under the residual clause of the career offender Guideline, but not under the force clause of the same Guideline. The basic point is that the Government’s reliance on War-drick and Jenkins is misplaced because a crime involving conduct that presents a serious potential risk of physical injury to another, the residual clause inquiry, is not the same for federal sentencing purposes as a crime that has as an element the use or attempted use of violent force, the force clause inquiry.
The Government’s last argument is that there is no way to be convicted of resisting arrest in Maryland without the use of violent force — and it cites thirty-eight published opinions by the Maryland appellate courts to support its claim, all of which arguably involved the defendant’s use of violent force. Armed with this mountain of cases, the Government urges us to avoid exercising our “legal imagination” when analyzing the resisting arrest offense, and instead asks us to examine whether there is “a realistic probability, not a theoretical possibility, that [Maryland] would apply its statute to conduct that falls outside” the realm of violent force. Govt. Br. 19-21 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)).
But this case does not require an exercise of imagination, merely mundane legal research skills: we have precedent from Maryland’s highest court stating that the degree of force required as an element of Maryland resisting arrest is “offensive physical contact,” Nicolas, 44 A.3d at 409, and crimes requiring offensive physical contact are not crimes of violence containing an element of violent force, as required under federal enhanced sentencing regimes. Royal, 731 F.3d at 341-42; Karimi, 715 F.3d at 568.
Even with its raft of cases, the Government’s argument misses the point of the categorical approach and “wrenches the Supreme Court’s language in Duenas-Al-varez from its context.” United States v. Torres-Miguel, 701 F.3d 165, 170 (4th Cir. *158 2012). We do not need to hypothesize about whether there is a “realistic probability” that Maryland prosecutors will charge defendants engaged in non-violent offensive physical contact with resisting arrest; we know that they can because the state’s highest court has said so. It may be that Maryland prosecutors tend to charge too many offenders with resisting arrest when they could charge far more serious crimes, or it may be that we have a skewed universe of cases from the hundreds of resisting arrest convictions sustained each year. Either way, it does not really matter because the “key” is “elements, not facts,” Descamps, 133 S.Ct. at 2283, and violent force is simply not an element of resisting arrest in Maryland. And that ends the inquiry.
The judgment of the district court is vacated and the case is remanded for re-sentencing in accordance with this opinion.

VACATED AND REMANDED.

. The relevant provision of the Armed Career Criminal Act provides that a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), is subject to a fifteen-year mandatory minimum sentence if he has three previous "violent felony” convictions. 18 U.S.C. § 924(e)(1). “Violent felony” is defined in the statute as any crime “punishable by imprisonment for a term exceeding one year” that either “has as an element the use, attempted use, or threatened use of physical force against the person of another” (the force clause), or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” Id. § 924(e)(2)(B). The second category involving physical injury is referred to as "the residual clause.”

. The Supreme Court has not yet addressed whether- — and if so, how — the categorical approach applies to common law crimes. See Descamps, 133 S.Ct. at 2291. Discerning no compelling reason to reach a contrary conclusion, however, we have held that the categorical/modified categorical typologies apply equally to statutory and common law crimes. Montes-Flores, 736 F.3d at 367.

. At the sentencing hearing in this case, the district court expressly relied on Nicolas, 44 A.3d at 409, in concluding that resisting arrest under Maryland law does not categorically require violent force.

. The Government argues that the discussion in Nicolas, 44 A.3d at 409, of the force required for a resisting arrest conviction is dicta irrelevant to whether resisting arrest and second degree assault convictions merge. Although the reasoning might be slightly over-broad for the holding, that does not undermine the basic point in Nicolas that there is no daylight between the force elements in the Maryland crimes of second degree assault and resisting arrest.