**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4111**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VONZELL D. JAMES, a/k/a Vonzell James,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:16-cr-00044-MHL-1)

Argued:  January 24, 2018                    Decided:  March 9, 2018

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Harris wrote the opinion, in which Chief Judge Gregory and Judge King joined.

**ARGUED:**  Geremy C. Kamens, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Christopher John Catizone, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Alexandria, Virginia, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

A jury convicted Vonzell D. James of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court applied a base offense level enhancement on the ground that James's prior Virginia conviction for unlawful wounding qualified as a "crime of violence," defined as an offense that requires the use, attempted use, or threatened use of violent physical force. James challenges the enhancement, arguing that unlawful wounding may be committed with even de minimis or indirect force, neither of which constitutes the use of violent force.

We find that Virginia unlawful wounding, by virtue of requiring not only the causation of bodily injury but also the specific intent to maim, disfigure, disable, or kill, necessarily involves the use of violent force or, at minimum, the attempted or threatened use of such force. On that ground, we hold that unlawful wounding qualifies as a crime of violence, and affirm the judgment of the district court.

## I.

On December 18, 2015, police encountered Vonzell James in possession of a 9 mm handgun. Because he had a prior felony conviction, James was arrested and charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). A Virginia jury convicted James of that charge in 2016.

Following his conviction, the presentence report ("PSR") calculated James's base offense level pursuant to section 2K2.1(a) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which governs the unlawful possession of firearms. Under

that section, a defendant receives an enhanced base offense level of 22 if, among other conditions, he was previously convicted of a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(3) (2016). The PSR deemed those conditions met, noting that James had been convicted of the Virginia offense of unlawful wounding in 2010, which the PSR labeled a crime of violence. Pursuant to a base offense level of 22, the PSR calculated a sentencing range of 84 to 105 months.

James objected to the enhancement on the ground that Virginia unlawful wounding is not a crime of violence. The district court overruled that objection, holding that Virginia unlawful wounding necessarily qualifies categorically as a crime of violence under the Guidelines. Applying the enhancement, the court sentenced James to 96 months' imprisonment.

James appeals, challenging the district court's determination that Virginia unlawful wounding is a crime of violence.

## II.

### A.

Section 2K2.1(a)(3) of the Guidelines defines "crime of violence" by reference to the career offender guideline, § 4B1.2(a). Under that provision, a "crime of violence" is an offense that "has as an element the use, attempted use, or threatened use of physical

force against the person of another." U.S.S.G. § 4B1.2(a) (2016).[1] And for purposes of

that provision – often referred to as the "force clause" – the Supreme Court has defined

"physical force" to mean "*violent* force – that is, force capable of causing physical pain or

injury to another person." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 140 (2010)

(emphasis in original).[2]

The parties agree that to determine whether Virginia unlawful wounding qualifies

as a crime of violence, we must employ the "categorical approach." *See Taylor v. United

States*, 495 U.S. 575, 600–02 (1990).[3] The categorical approach asks how Virginia law

"defines the offense generically," rather than how any "individual might have committed

---

[1] Previous versions of this section also included a "residual clause," reaching offenses that "involve[] conduct that presents a serious potential risk of physical injury to another." *See, e.g.*, U.S.S.G. § 4B1.2(a)(2) (2015). In *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551, 2557 (2015), the Supreme Court found a nearly identical provision of the Armed Career Criminal Act ("ACCA") unconstitutionally vague. Although the Supreme Court subsequently sustained the Guidelines residual clause, *see Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the 2016 version of the Guidelines removed § 4B1.2's residual clause and replaced it with a list of enumerated offenses. *See* U.S.S.G. § 4B1.2(a)(2) (2016). In this case, the government argues in the alternative that Virginia unlawful wounding qualifies as generic aggravated assault under the new enumerated offenses clause. *See* Gov't Br. at 24–27. Because we find that unlawful wounding is a crime of violence under the force clause in § 4B1.2(a)(1), we do not reach this argument.

[2] Although *Johnson I* analyzed the force clause in 18 U.S.C. § 924(e)(2)(B)(i) of the ACCA, rather than under § 4B1.2(a)(1)'s force clause, "the two terms have been defined in a manner that is 'substantively identical,'" and we treat precedents evaluating them interchangeably. *United States v. Flores-Granados*, 783 F.3d 487, 490 (4th Cir. 2015) (internal quotation marks and citation omitted).

[3] As the parties agree, there is no need in this case to pursue the "modified categorical approach," as set forth in *Descamps v. United States*, 570 U.S. 254 (2013), because James was charged with the least serious offense under the Virginia wounding statute. *See* J.A. 40–41; Va. Code. Ann. § 18.2-51.

5

the offense on a given occasion." *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015). "In conducting this analysis, we focus on the minimum conduct required to sustain a conviction for the state crime." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (internal quotation marks omitted). If even that minimum conduct necessitates the use, attempted use, or threatened use of violent force, then the defendant's prior conviction qualifies as a crime of violence under § 4B1.2(a)'s force clause.

Whether the defendant's crime was correctly characterized as a crime of violence under the force clause is a question of law, which we review de novo. *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013).

**B.**

We begin with the elements of the offense. Virginia defines both unlawful wounding and malicious wounding in a single provision of the Code:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51. The parties agree that James was convicted only of unlawful wounding, and that unlawful wounding requires proof of a bodily injury "*with the intent aforesaid*" – that is, with "the *specific intent* to maim, disfigure, disable or kill the victim of the attack." *Commonwealth v. Vaughn*, 557 S.E.2d 220, 222 (Va. 2002) (emphasis added) (internal quotation marks omitted).

James contends that these elements do not categorically require violent force because Virginia law defines "bodily injury" as used in § 18.2-51 to include "*any bodily*

6

*hurt* whatsoever" caused by "any means," which would include injuries caused by de minimis force. Appellant's Br. at 11 (quoting *English v. Commonwealth*, 715 S.E.2d 391, 395 (Va. Ct. App. 2011)). Minimal force – for instance, a "squeeze that causes a bruise" – does not, according to James, constitute the type of *violent* physical force described in *Johnson I. Id.* at 12 (internal quotation marks and alterations omitted). Similarly, James argues, the infliction of bodily injury through indirect means would satisfy § 18.2-51's "by any means" language, but would not involve the "use" of force under the force clause.

We disagree. Whatever the strength of such arguments when applied to other offenses, they are defeated here by § 18.2-51's *mens rea* element, requiring the specific intent to kill or seriously injure the victim. If a perpetrator specifically intends to "maim, disfigure, disable or kill," then as a practical matter, the means employed toward that end will involve violent force. Put differently, it is not plausible that a conviction requiring an intent to kill or severely injure will rest on conduct that is incapable of fulfilling that intent – like James's hypothesized squeeze – unless that conduct is accompanied by an "attempt[]" or "threat[]" to do more serious bodily harm, U.S.S.G. § 4B1.2(a), as delineated by the force clause. *See United States v. Edwards*, 857 F.3d 420, 425 (1st Cir. 2017) (assault with intent to kill, unlike simple assault, satisfies force clause because intent element makes it "implausible" that convictions will involve non-violent force); *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (assault with intent to do great bodily harm satisfies force clause because convictions for "nonviolent assault[s]" are not possible when offense "include[s] as an element an intent to do great bodily harm").

7

We recently came to a similar conclusion in *United States v. Dinkins*, --- F. App'x ----, No. 16-4795, 2017 WL 6371255, at *2 (4th Cir. Dec. 12, 2017) (unpublished). There, we considered whether a defendant's conviction for the South Carolina offense of assault and battery with intent to kill satisfied the force clause. In finding that it does, we relied on the offense's *mens rea* element, requiring specific intent to "commit grievous bodily injury such that, had death occurred, the offense would have been murder." *Id.* (internal quotation marks and citation omitted). Even in a case in which the "actual injury" inflicted amounts to no more than "a mere offensive touching," we concluded, when that touching is committed with the intent to cause "the more severe kind of bodily injury imagined by the force clause," it necessarily involves at least the "attempted or threatened" use of violent force under *Johnson I. Id.* at *3.

This straightforward reading of Virginia's unlawful wounding statute is confirmed by state cases confining its application to acts of violence. For example, the Supreme Court of Virginia, addressing the scope of the "bodily injury" element, has explained that the key "test of the offense" is the "intent with which the result is accomplished," so that a perpetrator may intend to "maim, disfigure, disable or kill" even with "fists," but only "*if the force is applied with violence and brutality.*" *Dawkins v. Commonwealth*, 41 S.E.2d 500, 504 (Va. 1947) (emphasis added). What the statute contemplates, in other words, is conduct such as to "gouge out the eye of another with his fingers, stomp another to death with his feet, or bite off a portion of his body." *Id.*

Similarly, in a more recent case, a Virginia appeals court explained that "[t]o be guilty [of unlawful or malicious wounding] under Code § 18.2-51, a person must intend to

8

permanently, not merely temporarily, harm another person." *Johnson v. Commonwealth*, 669 S.E.2d 368, 378 (Va. Ct. App. 2008) (malicious wounding); *see also Worrell v. Commonwealth*, No. 2451-09-1, 2010 WL 5149346, at *1–3 (Va. Ct. App. Dec. 21, 2010) (unlawful wounding). And "striking a person with a fist, standing alone, normally does not suffice to prove an intent to permanently harm." *Johnson*, 669 S.E.2d at 379. To show intent to *permanently* harm, a defendant's assault must instead be "attended with . . . circumstances of violence and brutality" – for instance by "approach[ing] an unoffending citizen and deal[ing] him a deadly blow," or by striking "delicate parts of the body of a defenceless, unresisting man, on the ground." *Id.* (internal quotation marks and alteration omitted).

In response, James contends – for the first time in his reply brief – that Virginia unlawful wounding fails to satisfy the force clause on an additional and independent ground. According to James, Virginia's unlawful wounding offense extends to bodily injuries that result from willful "omissions," such as a parent's deliberate failure to provide food or medicine to a dependent child. It follows, James argues, that a perpetrator may commit unlawful wounding without performing any action at all, and so without the "use" of physical force.

As an initial matter, we ordinarily do not consider arguments that are raised for the first time in a reply brief and never presented to the district court. *See United States v. Alston*, 722 F.3d 603, 606 n.4 (4th Cir. 2013). But even were we to consider James's claim, we would find it unconvincing. Under the categorical approach, state appellate court precedent interpreting "the statutory definition of the [state] offense . . . constrains our

9

analysis of the elements of state law." *Castillo v. Holder*, 776 F.3d 262, 268 (4th Cir. 2015) (internal quotation marks omitted). Here, the state's appellate courts have made clear that Virginia unlawful wounding cannot be committed by omission.

Under Virginia law, assault and battery is a lesser-included offense of unlawful wounding, and requires the accused to "attempt or offer *with force or violence* to do a corporal hurt to another . . . as by striking at him . . . [and] the actual infliction of corporal hurt on another willfully or in anger, whether by the party's own hand, or by some means set in motion by him." *Vaughn*, 557 S.E.2d at 222 (emphasis added) (internal quotation marks omitted); *see also Witherow v. Commonwealth*, 779 S.E.2d 223, 227, 231 (Va. Ct. App. 2015). That conduct requires, at minimum, an actual or threatened touching of another; failing to act altogether will not suffice. *See also Perkins v. Commonwealth*, 523 S.E.2d 512, 513 (Va. Ct. App. 2000). And if the lesser-included offense of assault and battery requires, at a minimum, a threatened or attempted touching, then so does the greater offense of unlawful wounding. *See Kauffmann v. Commonwealth*, 382 S.E.2d 279, 283 (Va. Ct. App. 1989) ("[E]very commission of [a] greater offense must also be a commission of the lesser[-included] offense."). Accordingly, as a matter of Virginia law, unlawful wounding cannot be committed by omission.

We note that James has cited no Virginia decision charging an omission under the unlawful wounding statute, and that our own review has disclosed no such decision. Where state law makes clear that an offense may be committed without the use of violent physical force, of course, an absence of illustrative cases charging defendants engaged in non-violent conduct does not undermine that conclusion. *See United States v. Aparicio-Soria*,

740 F.3d 152, 157–58 (4th Cir. 2014) (en banc). Here, however, the absence of illustrative cases confirms our conclusion that Virginia law does not allow for unlawful wounding convictions based on the kinds of omissions that James imagines. As we are not permitted to go beyond a state's own understanding of its criminal offenses, *see id.*, we need not decide in this case whether and under what circumstances criminal omissions might qualify as uses of physical force under the force clause.

## III.

For the foregoing reasons, we find that James's prior conviction for unlawful wounding is a crime of violence under § 4B1.2(a)(1), triggering the sentencing enhancement under § 2K2.1(a)(3). Accordingly, we affirm the judgment of the district court.

*AFFIRMED*