**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4121**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

EDMUND LAVONNE JENKINS,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:15-cr-00076-MFU-1)

Argued:  January 24, 2018                          Decided:  March 9, 2018

Before GREGORY, Chief Judge, and KING and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Harris wrote the opinion, in which Chief Judge Gregory and Judge King joined.

**ARGUED:**  Fay Frances Spence, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:**  Larry W. Shelton, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  John P. Fishwick, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Edmund Lavonne Jenkins pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Jenkins as an armed career criminal, finding that Jenkins's prior Virginia convictions for unlawful wounding qualify as "violent felonies" requiring the use, attempted use, or threatened use of violent physical force. Jenkins challenges that determination, arguing that Virginia unlawful wounding offenses may be committed with de minimis or indirect force, and thus do not necessitate the use of violent force under the Armed Career Criminal Act ("ACCA").

We find that Virginia unlawful wounding, by virtue of requiring not only the causation of bodily injury but also the specific intent to maim, disfigure, disable, or kill, necessarily involves the use of violent force or, at minimum, the attempted or threatened use of such force. On that ground, we hold that unlawful wounding qualifies as a violent felony under the ACCA, and affirm the judgment of the district court.

## I.

On August 7, 2015, Edmund Jenkins admitted to police during a traffic stop that he had a handgun hidden under his seat. Because he had a prior felony conviction, Jenkins was arrested and charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Jenkins entered a plea of guilty without a plea agreement.

Jenkins's presentence report ("PSR") recommended that he be sentenced under the ACCA, which applies to defendants who have three or more prior convictions "for a violent felony or a serious drug offense." *See* 18 U.S.C. § 924(e)(1). According to the PSR,

2

Jenkins had three qualifying convictions: He was convicted in Virginia state court in 1992 for possession with intent to distribute cocaine; in 1993 for Virginia unlawful wounding; and in 1996 for Virginia malicious wounding and aggravated malicious wounding. As a result of Jenkins's ACCA classification, he was subject to a mandatory minimum sentence of 15 years under § 924(e)(1), with a Sentencing Guidelines range of 180 to 188 months.

Jenkins objected to his classification as an armed career criminal, arguing that the Virginia wounding offenses of which he was convicted are not violent felonies under the ACCA. The district court overruled that objection, holding that Virginia unlawful wounding – as well as the aggravated versions of that offense – qualify categorically as violent felonies. The court accordingly adopted the PSR and imposed the mandatory minimum sentence of 180 months' imprisonment.

Jenkins appeals, challenging the district court's determination that unlawful wounding qualifies as a violent felony for purposes of the ACCA.

## II.

### A.

The Armed Career Criminal Act defines the term "violent felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).[1] And for purposes of that provision –

---

[1] Section 924(e)(2)(B) also includes a "residual clause," reaching offenses that "involve[] conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551,

3

often referred to as the "force clause" – the Supreme Court has defined "physical force" to mean "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 140 (2010) (emphasis in original).

To determine whether unlawful wounding qualifies as a violent felony, we employ the "categorical approach." *See Taylor v. United States*, 495 U.S. 575, 600–02 (1990).[2] The categorical approach asks how Virginia law "defines the offense generically," rather than how any "individual might have committed the offense on a given occasion." *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015). "In conducting this analysis, we focus on the minimum conduct required to sustain a conviction for the state crime." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (internal quotation marks omitted). If even that minimum conduct necessitates the use, attempted use, or threatened use of violent

---

2557 (2015), the Supreme Court found the residual clause unconstitutionally vague. Accordingly, Jenkins is properly sentenced under the ACCA only if his prior convictions qualify as violent felonies under § 924(e)(2)(B)(i)'s force clause.

[2] Before the district court, the parties disputed whether Virginia's unlawful wounding statute is divisible, so that the court could apply the "modified categorical approach" to determine whether the particular offenses for which Jenkins was convicted constitute violent felonies. The modified categorical approach applies when "at least one, but not all" of a divisible statute's alternative offenses qualifies as a predicate violent felony. *See Descamps v. United States*, 570 U.S. 254, 263–64 (2013). Here, however, neither party takes the position that some but not all of the possible alternative offenses qualify under the ACCA. *See* Appellant's Br. at 13–14; Gov't Br. at 18. Accordingly, as the parties agreed at oral argument, there is no need in this case to employ the modified approach. We instead consider whether the minimum conduct that may be charged as unlawful wounding categorically qualifies as a violent felony under the ACCA's force clause, and conclude that it does.

4

force, then the defendant's prior conviction qualifies as a violent felony under the ACCA's force clause.

Whether the defendant's crime was correctly characterized as a violent felony under the ACCA's force clause is a question of law, which we review de novo. *United States v. Hemingway*, 734 F.3d 323, 331 (4th Cir. 2013).

**B.**

We begin with the elements of the offense. Virginia defines both unlawful wounding and malicious wounding in a single provision of the Code:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51. The least serious wounding offense of which Jenkins was convicted is unlawful wounding, which requires proof of a bodily injury "*with the intent aforesaid*" – that is, with "the *specific intent* to maim, disfigure, disable or kill the victim of the attack." *Commonwealth v. Vaughn*, 557 S.E.2d 220, 222 (Va. 2002) (emphasis added) (internal quotation marks omitted).[3]

---

[3] The other two wounding offenses of which Jenkins was convicted – malicious wounding under § 18.2-51 and aggravated malicious wounding under a related statute, Va. Code Ann. § 18.2-51.2 – require a higher degree of culpability and proof of additional elements. To obtain a conviction for malicious wounding, the government must prove that the injury was caused not only with the specific intent to maim, disfigure, disable or kill but also with malice; and to convict for aggravated malicious wounding, it must prove all of that and additionally that the injury was sufficiently severe to cause permanent physical impairment. *See* Va. Code. Ann. §§ 18.2-51 (malicious wounding); 18.2-51.2 (aggravated malicious wounding); 2–37 Virginia Model Jury Instructions – Criminal Instruction Nos.

Jenkins contends that these elements do not categorically require violent force because Virginia law defines "bodily injury" as used in § 18.2-51 to include any injury caused by "any means," which would include injuries caused by de minimis force. Minimal force – for instance, grabbing somebody – does not, according to Jenkins, constitute the type of *violent* physical force described in *Johnson I*. Similarly, Jenkins argues, the infliction of bodily injury through indirect means would satisfy § 18.2-51's "by any means" language, but would not involve the "use" of force under the force clause.

We disagree. Whatever the strength of such arguments when applied to other offenses, they are defeated here by § 18.2-51's *mens rea* element, requiring the specific intent to kill or seriously injure the victim. If a perpetrator specifically intends to "maim, disfigure, disable or kill," then as a practical matter, the means employed toward that end will involve violent force. Put differently, it is not plausible that a conviction requiring an intent to kill or severely injure will rest on conduct that is incapable of fulfilling that intent, unless that conduct is accompanied by an "attempt[]" or "threat[]" to do more serious bodily harm, 18 U.S.C. § 924(e)(2)(B)(i), as delineated by the force clause. *See United States v. Edwards*, 857 F.3d 420, 425 (1st Cir. 2017) (assault with intent to kill, unlike simple assault, satisfies force clause because intent element makes it "implausible" that convictions will involve non-violent force); *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (assault with intent to do great bodily harm satisfies force clause because

---

G37.050, .100 (2017). We need not examine these offenses further; if, as we conclude, unlawful wounding qualifies categorically as a violent felony, then it follows that the more serious wounding offenses, requiring proof of the same as well as additional elements, also qualify.

6

convictions for "nonviolent assault[s]" are not possible when offense "include[s] as an element an intent to do great bodily harm").

We recently came to a similar conclusion in *United States v. Dinkins*, --- F. App'x ----, No. 16-4795, 2017 WL 6371255, at *2 (4th Cir. Dec. 12, 2017) (unpublished). There, we considered whether a defendant's conviction for the South Carolina offense of assault and battery with intent to kill satisfied the force clause. In finding that it does, we relied on the offense's *mens rea* element, requiring specific intent to "commit grievous bodily injury such that, had death occurred, the offense would have been murder." *Id.* (internal quotation marks and citation omitted). Even in a case in which the "actual injury" inflicted amounts to no more than "a mere offensive touching," we concluded, when that touching is committed with the intent to cause "the more severe kind of bodily injury imagined by the force clause," it necessarily involves at least the "attempted or threatened" use of violent force under *Johnson I. Id.* at *3.

This straightforward reading of Virginia's unlawful wounding statute is confirmed by state cases confining its application to acts of violence. For example, the Supreme Court of Virginia, addressing the scope of the "bodily injury" element, has explained that the key "test of the offense" is the "intent with which the result is accomplished," so that a perpetrator may intend to "maim, disfigure, disable or kill" even with "fists," but only "*if the force is applied with violence and brutality.*" *Dawkins v. Commonwealth*, 41 S.E.2d 500, 504 (Va. 1947) (emphasis added). What the statute contemplates, in other words, is conduct such as to "gouge out the eye of another with his fingers, stomp another to death with his feet, or bite off a portion of his body." *Id.*

7

Similarly, in a more recent case, a Virginia appeals court explained that "[t]o be guilty [of unlawful or malicious wounding] under Code § 18.2-51, a person must intend to permanently, not merely temporarily, harm another person." *Johnson v. Commonwealth*, 669 S.E.2d 368, 378 (Va. Ct. App. 2008) (malicious wounding); *see also Worrell v. Commonwealth*, No. 2451-09-1, 2010 WL 5149346, at *1–3 (Va. Ct. App. Dec. 21, 2010) (unlawful wounding). And "striking a person with a fist, standing alone, normally does not suffice to prove an intent to permanently harm." *Johnson*, 669 S.E.2d at 379. To show intent to *permanently* harm, a defendant's assault must instead be "attended with . . . circumstances of violence and brutality" – for instance by "approach[ing] an unoffending citizen and deal[ing] him a deadly blow," or by striking "delicate parts of the body of a defenceless, unresisting man, on the ground." *Id.* (internal quotation marks and alteration omitted).

We note that Jenkins has cited no Virginia decisions charging unlawful wounding for conduct involving uses of only de minimis or otherwise non-violent force, and our own review has revealed no such decision. Where state law makes clear that an offense may be committed without the use of violent physical force, of course, an absence of illustrative cases charging defendants engaged in non-violent conduct does not undermine that conclusion. *See United States v. Aparicio-Soria*, 740 F.3d 152, 157–58 (4th Cir. 2014) (en banc). Here, however, the absence of illustrative cases confirms our conclusion that Virginia law does not allow for unlawful wounding convictions based on the kinds of non-violent force that Jenkins imagines. As we are not permitted to go beyond a state's own understanding of its criminal offenses, *see id.*, we conclude that the minimum conduct

8

necessary to sustain a conviction for unlawful wounding requires the attempted or threatened use of physical force under the ACCA's force clause.

## III.

For the foregoing reasons, we find that Jenkins's prior Virginia convictions for unlawful wounding qualify as "violent felonies" under § 924(e)(2)(B)(i), and that Jenkins was properly sentenced as an armed career criminal. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*