**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4503**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

HARVEY LEE MUNGRO, JR., a/k/a Harvey Lee Mungro,

            Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:11-cr-00370-FDW-1)

Argued:  May 15, 2014                  Decided:  June 11, 2014

Before TRAXLER, Chief Judge, and NIEMEYER and DUNCAN, Circuit
Judges.

Affirmed by published opinion.  Judge Duncan wrote the opinion,
in which Chief Judge Traxler and Judge Niemeyer joined.

**ARGUED:** Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH
CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy
Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville,
North Carolina, for Appellee.  **ON BRIEF:** Henderson Hill,
Executive Director, Kevin Tate, FEDERAL DEFENDERS OF WESTERN
NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.
Anne M. Tompkins, United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

DUNCAN, Circuit Judge:

Harvey Lee Mungro brings this appeal challenging his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court concluded that Mungro was subject to a mandatory minimum sentence of 15 years' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C § 924(e), due to Mungro's three prior state convictions for "breaking or entering" in violation of N.C. Gen. Stat. § 14-54(a). For the reasons below, we affirm.

The question presented here is a simple one: does North Carolina's "breaking or entering" offense qualify as burglary and, thus, as a predicate offense under the ACCA? In answering this question, we first review the legal framework for categorizing state-law offenses under the ACCA. We then apply this methodology to the "breaking or entering" offense at issue in this case.

I.

The ACCA provides significantly strengthened penalties for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), when the felon has previously been convicted of three or more "predicate offenses." These predicate offenses include violent felonies and serious drug offenses. 18 U.S.C. § 924(e)(1). While violations of § 922(g) are normally

2

punishable by no more than ten years' imprisonment, 18 U.S.C. § 924(a)(2), this sentence increases to a mandatory minimum of fifteen years' imprisonment under the ACCA, 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" to include, as relevant here, any offense that "is burglary." 18 U.S.C. 924(e)(2)(B)(ii).[1] Thus, any burglary offense is an ACCA predicate offense. To determine whether a given offense qualifies as burglary, we compare the elements of the offense in question with the elements of burglary, under burglary's generic definition. See Taylor v. United States, 495 U.S. 575, 599 (1990). As Taylor illustrated, an offense's generic definition may be different from the definition under any particular state's law. Rather, an offense's generic definition is uniform nationwide. It therefore is ascertained by considering the similarities between the states' definitions of the offense, and by referring to secondary sources such as the Model Penal Code and eminent criminal-law treatises. Id. at 580, 590-600.

---

[1] The term also covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," "is . . . arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

3

We need not engage in such a sweeping investigation here, however, because the Supreme Court has already done so. The generic definition of burglary requires: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598. "[G]eneric burglary's unlawful-entry element excludes any case in which a person enters premises open to the public, no matter his intent; the generic crime requires breaking and entering or similar unlawful activity." Descamps v. United States, 133 S. Ct. 2276, 2292 (2013).

We must then determine the elements of the state-law offense in question and compare them to the generic definition of burglary. To do this, we examine the relevant statutory language and interpretations of that language by the state's highest court. Johnson v. United States, 559 U.S. 133, 138 (2010); United States v. Aparicio-Soria, 740 F.3d 152, 154 (4th Cir. 2014) (en banc).[2] If the elements of the state offense

---

[2] Aparicio-Soria concerned the application of the term "crime of violence" under U.S.S.G. § 2L1.2, and not "violent felony" under the ACCA. But "[w]e rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA, because the two terms have been defined in a manner that is 'substantively identical.'" United States v. King, 673 F.3d 274, 279 n. 3 (4th Cir. 2012) (quoting United States v. Jarmon, 596 F.3d 228, 231 n. * (4th Cir.2010)).

4

correspond to or are narrower than those provided in the generic definition of burglary, then the offense qualifies as burglary and, accordingly, as a predicate offense under the ACCA. Descamps, 133 S. Ct. at 2281. Under this "formal categorical approach," we may consider only the elements of the offense and the fact of conviction, and not the actual facts underlying that conviction.[3] Id. at 2283.

Here, the district court concluded that "breaking or entering" in violation of N.C. Gen. Stat. § 14-54(a) is burglary and, therefore, that Mungro's prior convictions under that statute constituted ACCA predicate offenses. Thus, it sentenced Mungro to the ACCA's 15-year mandatory minimum, instead of sentencing him within the significantly lower range ordinarily prescribed by 18 U.S.C. § 924(a)(2).

II.

Mungro argues that the district court erred in concluding that his prior "breaking or entering" convictions qualified as ACCA predicate offenses, because the elements of "breaking or

---

[3] A more searching analysis called the "modified categorical approach" is permissible only when the conviction in question was under a so-called "divisible" statute. See Descamps, 133 S. Ct. at 2283-84. The parties agree, however, that the formal categorical approach provides the appropriate framework in this case.

entering" apply to a broader range of conduct than the generic definition of burglary. We review the district court's classification of these offenses under the ACCA de novo. United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012). For the reasons below, we agree with the district court.[4]

As Mungro points out, North Carolina's "breaking or entering" offense is unusual for the reason suggested by the conjunction in its name: it applies to "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein." N.C. Gen. Stat. § 14-54(a) (emphasis added). The language of the statute suggests that it covers any entry into a building with the intent to commit a crime, even when a person enters with the building owner's consent. This might indeed disqualify it as a predicate offense because "generic burglary's unlawful-entry element excludes any case in which a person enters premises open to the public, no matter his intent." Descamps, 133 S. Ct. at 2292.

The North Carolina Supreme Court, however, has greatly narrowed the applicability of N.C. Gen. Stat. § 14-54(a). It

---

[4] Mungro also argues that the district court erred in sentencing him based upon his prior criminal history without these facts' having been proven to a jury. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). However, he concedes that this argument is foreclosed by our decision in United States v. Thompson, 421 F.3d 278, 280 (4th Cir. 2005). We therefore do not discuss it further.

has held that N.C. Gen. Stat. § 14-54(a) was intended merely to codify preexisting North Carolina law that criminalized breaking or entering without the consent of the owner.  State v. Boone, 256 S.E.2d 683, 687 (N.C. 1979).  The court therefore clarified that, notwithstanding the broad statutory language, "entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction under G.S. 14-54(a)."  Id.

This construction binds our ACCA analysis and brings the elements of § 14-54(a) within the generic definition of burglary as articulated by Taylor and Descamps.  As interpreted in Boone, N.C. Gen. Stat. § 14-54(a) requires either breaking with intent to commit a felony or larceny therein, or entering without consent with intent to commit a felony or larceny therein. These alternatives correspond to the alternative "unlawful" and "unpriviledged" entry requirements of the generic definition of burglary.  495 U.S. at 599.

Mungro argues, however, that a footnote in Boone reopens the possibility that a defendant could be convicted under N.C. Gen. Stat. § 14-54(a) for entering a building with the consent of its owner:

> We note in passing that there may be occasions when subsequent acts render the consent void ab initio, as where the scope of consent as to areas one can enter is exceeded, or the defendant conceals himself in a

7

> building until a time he is not authorized to be there in order to facilitate a theft.

256 S.E.2d 687 n.3 (internal citations omitted).

Under this language, Mungro argues, a defendant's later theft from the building could be construed as a subsequent act that rendered his permission to enter it void ab initio. If this is the case, Mungro contends that the elements of N.C. Gen. Stat. § 14-54(a) remain broader than those of the generic definition of burglary because the generic definition contains no such caveat. The generic definition of burglary covers only entries made without the actual consent of the building's owner, and does not contemplate the retroactive cancellation of that consent. The Supreme Court has made this clear in maintaining that shoplifting, for example, does not qualify as burglary. See Descamps, 133 S. Ct. at 2283.

Unfortunately for Mungro, however, Boone itself nowhere indicates that committing a crime within the building actually is one of the "subsequent acts [that] render the consent void ab initio. Boone, 256 S.E.2d at 687 n.3. To the contrary: Boone makes clear that a defendant's entry into a building with the owner's consent cannot serve as the basis for a conviction under N.C. Gen. Stat. § 14-54(a), even if he commits a crime once inside. Id. at 687.

8

Significantly, Boone itself would have been decided differently if Mungro's interpretation were correct. Boone was convicted under N.C. Gen. Stat. § 14-54(a) for his involvement in a theft from a clothing store in Nags Head, North Carolina. Boone, the evidence showed, had entered the store, left briefly, and then returned to the store with three other individuals. He then waited outside while his confederates entered the store and stole two sweaters.

The North Carolina Supreme Court vacated his N.C. Gen. Stat. § 14-54(a) conviction, holding: "[t]he state's evidence here established that defendant entered the store at a time when it was open to the public. His entry was thus with the consent, implied if not express, of the owner. It cannot serve as the basis for a conviction for felonious entry." Id. at 687. But if Mungro's interpretation were correct, the North Carolina Supreme Court would have, instead, affirmed Boone's N.C. Gen. Stat. § 14-54(a) conviction. Although Boone entered the clothing store with the owner's consent, under Mungro's theory Boone's subsequent larceny would have rendered that consent void ab initio, supporting his conviction.[5] Thus, whatever else may

_____

[5] Mungro contends that Boone's consent to enter would not have been voided because Boone did not actually steal any merchandise. But this overlooks the fact that, although Boone may not have physically picked up the stolen sweaters, he was, nonetheless, convicted of larceny for his role in the
(Continued)

9

qualify as "subsequent acts [that] render the consent void <u>ab</u> <u>initio</u>," <u>Id.</u> at 687 n.3, a subsequent theft cannot be one of them, because that alternative would have been inconsistent with the holding of <u>Boone</u> itself.

Second, Mungro's interpretation would cause <u>Boone</u>'s holding to be almost entirely swallowed by its footnote. N.C. Gen. Stat. § 14-54(a) only covers entering a building with the intent to commit a felony or larceny. Under Mungro's interpretation, it would seem, a defendant's consent to enter would be rendered void ab initio whenever the defendant actually committed his intended crime. Thus, Mungro's interpretation would implausibly render <u>Boone</u>'s holding applicable only to the obscure case of an ill-intentioned but well-behaved defendant: one who entered a building with the owner's consent intending to commit a crime, but who, despite not actually committing the intended crime, was nonetheless charged with violating N.C. Gen. Stat. § 14-54(a).

Mungro points to two decisions of the North Carolina Court of Appeals that held a subsequent act of theft to have rendered the thief's permission to enter void ab initio: <u>State v. Rawlinson</u>, 679 S.E.2d 878, 884 (N.C. Ct. App. 2009), and <u>In re</u>

---

shoplifting. The North Carolina Supreme Court affirmed Boone's larceny conviction, observing that "the larceny itself is the gravamen of this case." <u>Boone</u>, 256 S.E.2d at 688.

<u>S.D.R.</u>, 664 S.E.2d 414, 420 (N.C. Ct. App. 2008). But when the state's highest court has already articulated the elements of the offense, we are not free to conclude that it got them wrong and, instead, credit the opinions of the state's lower courts. See <u>Aparicio-Soria</u>, 740 F.3d at 154.

Likewise, it is not plausible to characterize these lower-court opinions as merely filling in what <u>Boone</u> left open. As we have explained, <u>Boone</u> makes clear that a subsequent act of theft does not render the thief's permission to enter void ab initio. Mungro likewise falls short of showing that North Carolina's lower courts consistently apply <u>Boone</u> differently from our reading of it. The two opinions he highlights hardly establish a pattern, and even less so when the proposition for which Mungro cites them is contained only in alternate holdings. In both, the North Carolina Court of Appeals first held that the defendant did not have permission to enter the portion of the building where he committed the theft and only then held, alternatively, that his theft rendered his consent to enter void ab initio. <u>Rawlinson</u>, 679 S.E.2d at 884; <u>In re S.D.R.</u>, 664 S.E.2d at 420.

We therefore conclude that N.C. Gen. Stat. § 14-54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary. The North Carolina Supreme Court's clarification that the offense requires

11

either breaking or entering without a building owner's consent brings it within Taylor's requirement of an "unlawful or unprivileged entry." 495 U.S. at 599. This clarification also "excludes any case in which a person enters premises open to the public, no matter his intent" as required by Descamps. 133 S. Ct. at 2292.[6] N.C. Gen. Stat. § 14-54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii).

III.

For the reasons above, Mungro's sentence is

AFFIRMED.

---

[6] We therefore need not address Mungro's argument that Descamps overrules our prior opinion in United States v. Bowden, 975 F.2d 1080, 1081 (4th Cir. 1992), where we previously concluded, as we do here, that N.C. Gen. Stat. § 14-54(a) falls within the generic definition of burglary and, therefore, is an ACCA predicate offense.

12