**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1276**

_____

In Re:  CLYDE KIRBY WHITLEY,

                    Petitioner.

_____

On Petition for Writ of Mandamus.

_____

Submitted:  June 26, 2014                    Decided:  July 1, 2014

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Clyde Kirby Whitley, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Kirby Whitley petitions for a writ of mandamus seeking an order clarifying that his North Carolina breaking or entering convictions do not qualify as predicate felonies for purposes of the Armed Career Criminal Act. In the alternative, Whitley requests that this court vacate those convictions. We conclude that Whitley is not entitled to mandamus relief.[*]

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

Whitley does not have a clear right to the relief sought, as we have consistently held that a North Carolina conviction for breaking or entering is categorically a violent felony, United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005); United States v. Bowden, 975 F.2d 1080, 1084-85 (4th Cir.

---

[*] We also conclude that Whitley is not entitled to relief under the All Writs Act, 28 U.S.C. § 1651(a) (2012), and deny his motions to enforce judgment, to enforce plea agreement, for clarification, and for appointment of counsel.

1992), and Descamps v. United States, 133 S. Ct. 2276 (2013), does not alter that conclusion. United States v. Mungro, ___ F.3d ___, ___, No. 13-4503, 2014 WL 2600075, at *4 (4th Cir. June 11, 2014).

We also deny Whitley's request to vacate his breaking or entering convictions, as this court does not have jurisdiction to grant mandamus relief against state officials, Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

The relief sought by Whitley is not available by way of mandamus. Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED