**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4618**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BILLY RAY THOMPSON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00198-RJC-1)

_____

Submitted: August 20, 2015      Decided: September 9, 2015

_____

Before NIEMEYER and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ross Hall Richardson, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Ray Thompson appeals his conviction and sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2012). In the district court, Thompson objected that his prior North Carolina breaking or entering convictions were not violent felonies under the Armed Career Criminal Act (ACCA) because the North Carolina statute is broader than the generic definition of burglary. The district court overruled Thompson's objection and sentenced him to the mandatory minimum 180 months in prison. On appeal, he contends that North Carolina's breaking or entering offense is broader than generic burglary for the same reason as the Maryland offense addressed in United States v. Henriquez, 757 F.3d 144 (4th Cir. 2014), and the district court violated his Fifth and Sixth Amendment rights by sentencing him based on facts not alleged in the indictment. We affirm.

We review the issue of whether a prior conviction qualifies as a violent felony under the ACCA de novo. United States v. Mungro, 754 F.3d 267, 270 (4th Cir.), cert. denied, 135 S. Ct. 734 (2014). In Mungro, the defendant contended that his prior North Carolina breaking or entering convictions did not qualify as ACCA predicate offenses "because the elements of 'breaking or entering' apply to a broader range of conduct than the generic definition of burglary." Id. at 269-70. We held that the North

2

Carolina statute, "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary." Id. at 272. Because the issue of whether North Carolina's breaking or entering offense is broader than generic burglary was contested and decided in Mungro, we conclude that Thompson's claim is foreclosed by Mungro. Cf. United States v. Hemingway, 734 F.3d 323, 335 (4th Cir. 2013) (concluding that a prior decision was not controlling precedent on the issue of whether a conviction was categorically an ACCA violent felony because that issue was not contested in the prior case).

In his second issue, Thompson contends that the district court violated his Fifth and Sixth Amendment rights by imposing an ACCA sentence based on facts not alleged in the indictment. Because he makes this claim for the first time on appeal, we review the claim for plain error. See United States v. Obey, 790 F.3d 545, 549-50 (4th Cir. 2015). We conclude that Thompson fails to show any plain error by the district court. See United States v. Span, 789 F.3d 320, 330-32 (4th Cir. 2015); United States v. Thompson, 421 F.3d 278, 284-87 (4th Cir. 2005).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3