**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4076**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM OMAR ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Senior District Judge. (7:16-cr-00045-BR-1)

Submitted: February 28, 2018                    Decided: March 12, 2018

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Omar Robinson pled guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court determined that Robinson was an armed career criminal and sentenced him to 180 months' imprisonment. We affirm.

Robinson's status as an armed career criminal is based on three prior North Carolina convictions for breaking or entering under N.C. Gen. Stat. § 14-54(a) (2017). Robinson contends that North Carolina breaking or entering is not a predicate crime of violence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). "We review de novo the question whether a defendant's prior conviction qualifies as a predicate felony under the ACCA." *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017).

An armed career criminal is, in pertinent part, "a person who violates [18 U.S.C. § 922(g)] . . . and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). "The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary.'" *United States v. Mungro*, 754 F.3d 267, 268 (4th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). "Thus, any burglary offense is an ACCA predicate offense." *Id.* In *Mungro*, the "question presented" was "does North Carolina's 'breaking or entering' offense [under N.C. Gen. Stat. § 14-54(a)] qualify as burglary and, thus, as a predicate offense under the ACCA?" *Id.* Our analysis of the statute and relevant case law convinced us that "N.C. Gen. Stat. § 14-54(a), as interpreted by the

2

North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and "therefore qualifies as an ACCA predicate offense." *Id.* at 272.

Robinson argues that *Mungro* is not controlling because, in that case, we focused our analysis on the "unlawful entry element" of N.C. Gen. Stat. § 14-54(a) and not on the statute's definition of the term "building." We conclude, however, that North Carolina breaking or entering's "building" element sweeps no more broadly than generic burglary's "building" element. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*