**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4589**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKIE MARKIECE ATKINSON, a/k/a Drama,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cr-00250-D-1)

_____

Submitted:  December 28, 2018                             Decided:  January 14, 2019

_____

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Acting Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Acting First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rickie Markiece Atkinson appeals from his 240-month sentence imposed pursuant to his guilty plea to possession of a firearm and ammunition by a convicted felon. On appeal, Atkinson challenges his designation as an armed career criminal and argues that the district court erred in departing upwards from the calculated Sentencing Guidelines range. We affirm.

We review de novo the question of whether a defendant's prior convictions for breaking and entering qualify as predicate felonies under the Armed Career Criminal Act (ACCA). *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). An armed career criminal is, in pertinent part, "a person who violates [18 U.S.C. § 922(g) (2012)] . . . and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1) (2012). "The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary.'" *United States v. Mungro*, 754 F.3d 267, 268 (4th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). "Thus, any burglary offense is an ACCA predicate offense." *Id.* In *Mungro*, the "question presented" was "does North Carolina's 'breaking or entering' offense [under N.C. Gen. Stat. § 14-54(a)] qualify as burglary and, thus, as a predicate offense under the ACCA?" *Id.* After a thorough analysis of the statute and relevant case law, we "conclude[d] that N.C. Gen. Stat. § 14-54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and "therefore qualifies as an ACCA predicate offense." *Id.* at 272.

Atkinson argues that *Mungro* is not controlling here because, in that case, this Court focused its analysis on the "unlawful entry element" of N.C. Gen. Stat. § 14-54(a)

2

and not on the statute's definition of the term "building."  Atkinson contends that N.C. Gen. Stat. § 14-54(a) is broader than generic burglary because North Carolina courts have convicted defendants under that statute for breaking and entering into mobile homes and trailers.  Generic burglary, Atkinson argues, is narrower and does not encompass, for example, burglary of a boat, motor vehicle, air vehicle, booth, tent, or railroad car. Atkinson claims that we are not bound by *Mungro* because *Mungro* did not explicitly address this issue.

We reject this argument and hold that North Carolina Breaking and Entering's "building" element sweeps no broader than generic burglary's "building" element. Accordingly, we find that Atkinson was properly treated as an armed career criminal.

Atkinson next argues that the district court's decision to upwardly depart and the extent of the departure were unwarranted.  He contends that the district court's reasoning was not sufficiently compelling to support such a large departure,[*] especially where certain of the district court's reasons—offense conduct, obstruction of justice, and criminal history—were adequately accounted for in the calculation of the original Guidelines range.  Atkinson also notes that nearly all of his unscored convictions were more than fifteen years old.

When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to depart and with respect to the extent of the

---

[*] The district court departed from a 180- to 188-month Guidelines range to a range of 210 to 262 months.

3

divergence from the sentencing range. *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). "An appellate court owes due deference to a district court's assessment of the [18 U.S.C.] § 3553(a) [2012] factors, and mere disagreement with the sentence below is insufficient to justify reversal of the district court." *Id.* at 531 (internal quotation marks omitted). The district court departed pursuant to United States Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2016), which "authorizes an upward departure when reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015) (internal quotation marks omitted). Further, once the district court reached a criminal history category of VI, the district court moved to a higher offense level appropriate to the case. USSG § 4A1.3(a)(4)(B), p.s.

Atkinson contends that the district court relied too heavily on his earlier convictions in upwardly departing. However, the district court discussed each of Atkinson's convictions, noting his age at the time and the resulting, generally lenient sentence. It then thoroughly explained its reasoning for the departure, relying not just on Atkinson's earlier criminal history, but on a combination of the length of Atkinson's criminal history, the lenient sentences he received, his numerous institutional infractions, his obstruction of justice, his current and past violent behavior, and his failure to modify his behavior for any period of time.

4

The court correctly considered Atkinson's unscored violations, as well as other reasons for the upward departure, including "the nature of the prior offenses" and any prior lenient treatment. USSG § 4A1.3, p.s. cmt. 2(B) (authorizing consideration of "the nature of the prior offenses rather than simply their number"); see USSG § 4A1.3, p.s. background ("[A] defendant with an extensive record of serious, assaultive conduct who had received what might now be considered extremely lenient treatment in the past might have the same criminal history category as a defendant who had a record of less serious conduct."). Moreover, while certain circumstances discussed by the court were at least partially taken into account by the Guidelines range, the district court offered numerous reasons supported by the record for its decision to depart, as well as for the extent of the departure, and the court's reasoning continually underscored the extraordinarily serious nature of Atkinson's history.

For instance, the court concluded that the dates and circumstances of Atkinson's criminal history, as well as his institutional infractions, showed a "100 percent" chance of recidivism, which the court called "extraordinary." The court recognized that Atkinson's violent behavior continued even in prison while awaiting disposition of the instant case. Further, the court considered the circumstances surrounding Atkinson's criminal conduct, including his dismissed charge and his attempt to obstruct justice and avoid responsibility.

Next, the district court considered the appropriate § 3553(a) factors in imposing the 240-month sentence. Atkinson's criminal record reflected a steady pattern of offenses, some involving violence, since he was 16. The district court also considered

5

numerous other relevant factors.  See 18 U.S.C. § 3553(a)(1)-(2) (2012).  While Atkinson claims that the district court failed to account for mitigating circumstances like his mental health and difficult upbringing, the record reflects that the district court discussed the mitigating factors, but found Atkinson's criminal behavior in noncustodial and custodial settings more telling.  While the sentence selected by the district court is significantly higher than the predeparture Guidelines range established at sentencing, the court grounded the sentence in the § 3553(a) factors.  We therefore find that Atkinson's sentence is reasonable and that the district court did not err procedurally or substantively in its decision to depart.

Thus, we affirm Atkinson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented the materials before this court and argument would not aid the decisional process.

*AFFIRMED*