**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4279**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAVONTAE TYREE STREET,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:17-cr-00246-NCT-1)

Submitted: January 29, 2019               Decided: February 19, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javontae Tyree Street pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Street to 180 months' imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). On appeal, Street contends that the district court erred in applying an enhanced sentence under the ACCA. We disagree, and thus affirm the district court's judgment.

We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). Under the ACCA, a defendant convicted of violating § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has at least three prior convictions for either a violent felony or a serious drug offense. 18 U.S.C. § 924(e). "The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary.'" *United States v. Mungro*, 754 F.3d 267, 268 (4th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

To determine if Street's prior North Carolina convictions for breaking or entering qualify as burglary, we apply the categorical approach. *Winston*, 850 F.3d at 683 (4th Cir. 2015). Under the categorical approach, we must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

In *Mungro*, we held that North Carolina breaking or entering qualified as a violent felony under the ACCA. 754 F.3d at 272. Although Street contends *Mungro* does not apply because we focused our analysis on the "unlawful entry" element and he argues that the "building" element is broader than that of generic burglary, we reject this argument and hold that North Carolina breaking or entering's "building" element sweeps no broader than generic burglary's "building" element. *See United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018).

Street also contends that his predicate convictions do not qualify as violent felonies because he was not subject to a term of imprisonment greater than one year. However, as he appropriately concedes, we have previously rejected this argument. *See United States v. Barlow*, 811 F.3d 133, 137-40 (4th Cir. 2015). It is well settled that "one panel [of this court] cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*