**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4886**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

DAVID ANDRE JOY,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00382-TDS-1)

Submitted: June 11, 2019                Decided: June 24, 2019

Before KEENAN, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Andre Joy pled guilty, pursuant to a plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court concluded that Joy is an armed career criminal and imposed the mandatory minimum sentence of 180 months of imprisonment. *See* 18 U.S.C. § 924(e) (2012). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing Joy as an armed career criminal and in denying Joy's motion to withdraw his guilty plea. Joy has filed pro se supplemental briefs, raising the same issues as counsel and questioning the substantive reasonableness of his sentence.[1] We affirm.

A criminal defendant may withdraw a plea if he "can show a fair and just reason for the withdrawal." Fed. R. Crim. P. 11(d)(2). The district court considers a variety of factors when deciding whether the defendant has met his burden, including whether: (1) he provided credible evidence that his plea was not knowing or voluntary; (2) he credibly asserted his legal innocence; (3) there was a delay between entering the plea and moving for withdrawal; (4) he had close assistance of competent counsel; (5) the withdrawal of the plea would prejudice the government; and (6) the withdrawal would inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth factors are generally the most significant, *United*

---

[1] Joy also questions the propriety of certain police conduct, but, by pleading guilty, he has waived any challenge to nonjurisdictional defects that occurred prior to the entry of his plea. *See United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016).

*States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995), and "a properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding," *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (alteration and internal quotation marks omitted). We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *Nicholson*, 676 F.3d at 383.

We conclude that the court did not abuse its discretion in denying Joy's motion to withdraw his plea. The court reasonably determined that Joy failed to present credible evidence that his plea was not knowing and voluntary, failed to credibly assert his legal innocence, and, at least on the present record, was under the close assistance of competent counsel during the plea hearing.[2] We also discern no error in the court's assessment of the remaining *Moore* factors.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). We must first determine whether the district court committed procedural error, such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, relying on clearly erroneous facts, or inadequately explaining the sentence imposed. *United States v.*

---

[2] To the extent Joy raises a separate claim that counsel rendered ineffective assistance when advising him to plead guilty, counsel's ineffectiveness does not "conclusively appear[] on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Accordingly, this claim may not be "addressed on direct appeal" and "should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Id.* at 508.

3

*Lymas*, 781 F.3d 106, 111–12 (4th Cir. 2015). If we find no significant procedural error, we must then consider the substantive reasonableness of the sentence. *Id.* at 112.

We first conclude that Joy's challenge to his status as an armed career criminal is without merit. His two prior convictions for North Carolina breaking or entering qualify as violent felonies for the purposes of the armed career criminal enhancement. *See, e.g.*, *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). There is also "no temporal restriction on prior felonies for the purposes of" the enhancement, *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995), *abrogated on other grounds by Johnson v. United States*, 559 U.S. 133 (2010), and this appeal is not the appropriate vehicle to argue that Joy was wrongfully convicted of any of his prior felonies.

Finally, although Joy raises a variety of arguments challenging the substantive reasonableness of his sentence, he cannot demonstrate that the mandatory minimum sentence he received is substantively unreasonable. *See United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008) (holding that statutorily required sentence is per se reasonable), *abrogated on other grounds by Rodriguez v. United States*, 135 S. Ct. 1609 (2015).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Joy, in writing, of his right to petition the Supreme Court of the United States for further review. If Joy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Joy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*