**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4205**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

STEVEN RAY DENTON,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00152-D-1)

Submitted:  June 13, 2019           Decided:  July 2, 2019

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Ray Denton appeals his 144-month sentence imposed by the district court after his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Denton challenges his classification as an armed career criminal, arguing that his prior North Carolina breaking and entering convictions did not qualify as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We affirm.

We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). "The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary.'" *United States v. Mungro*, 754 F.3d 267, 268 (4th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). To determine whether North Carolina breaking and entering qualifies as burglary, we apply the categorical approach, "focus[ing] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime." *Id.* (ellipsis and internal quotation marks omitted).

In *Mungro*, we held that North Carolina breaking and entering qualified as a violent felony under the ACCA. 754 F.3d at 272. While we focused our analysis in *Mungro* on the "unlawful entry" element, rather than the "building" element of the offense, *id.* at 270-73, we hold that North Carolina breaking and entering's "building"

2

element sweeps no broader than generic burglary's "building" element. *See United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018). Thus, the district court properly sentenced Denton as an armed career criminal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*