**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4708**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

JONATHAN MONTERIO DAVIDSON,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00419-CCE-3)

Submitted: April 20, 2020                     Decided: April 27, 2020

Before WYNN and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Monterio Davidson appeals his 126-month sentence following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). On appeal, Davidson challenges his classification as an armed career criminal, arguing that his prior North Carolina breaking and entering convictions did not qualify as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2018). We affirm.

We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Winston*, 850 F.3d 677, 683 (4th Cir. 2017). "The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary.'" *United States v. Mungro*, 754 F.3d 267, 268 (4th Cir. 2014) (quoting 18 U.S.C. § 924(e)(2)(B)(ii) (2018)). To determine whether North Carolina breaking and entering qualifies as burglary, we apply the categorical approach, "focus[ing] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime." *Id.* (ellipsis and internal quotation marks omitted).

In *Mungro*, we held that North Carolina breaking and entering qualifies as a violent felony under the ACCA. 754 F.3d at 272. In doing so, we specifically rejected the arguments Davidson raises on appeal. *Id*. at 271-72. Davidson's claim is therefore squarely foreclosed by *Mungro*.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*