**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4328**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

BRIAN LEE DUNLOW,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:18-cr-00048-D-1)

_____

Submitted:  January 13, 2021                              Decided:  January 27, 2021

_____

Before KEENAN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Anne Margaret Hayes, Cary, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Lee Dunlow appeals from his conviction and 262-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1). Dunlow's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing him as an armed career criminal. Neither the Government nor Dunlow has filed a brief. We affirm.

The district court found that Dunlow was an armed career criminal based on his prior North Carolina convictions for breaking and entering. However, Dunlow asserts that none of his breaking and entering convictions were committed in a manner that presented any risk of violence. Under the Armed Career Criminal Act (ACCA), a defendant convicted of violating § 922(g)(1) qualifies for an enhanced, 15-year mandatory minimum sentence if he has three prior convictions for violent felonies or serious drug offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We have held on multiple occasions that North Carolina breaking or entering categorically qualifies as a violent felony under the ACCA. *See, e.g., United States v. Dodge*, 963 F.3d 379, 385 (4th Cir. 2020); *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). Accordingly, Dunlow's challenges to his armed career criminal enhancement are without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dunlow, in writing, of the right to petition the

2

Supreme Court of the United States for further review. If Dunlow requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dunlow. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*