**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4458**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY LOWERY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00120-D-1)

Submitted:  November 17, 2021                    Decided:  January 7, 2022

Before THACKER and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Lowery, Jr., appeals his sentence of 180 months' imprisonment and 3 years' supervised release imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Lowery asserts that the district court erred in applying a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), as his prior North Carolina convictions for breaking or entering and breaking or entering a place or worship do not qualify as predicate violent felonies under the ACCA. Lowery also argues that the district court committed several errors when imposing his discretionary conditions of supervised release. Although we uphold Lowery's ACCA enhancement, we find reversible error in Lowery's supervised release conditions, and we vacate and remand for resentencing.

We review de novo whether a prior conviction qualifies as an ACCA violent felony. *United States v. Cornette*, 932 F.3d 204, 207 (4th Cir. 2019). In *United States v. Mungro*, 754 F.3d 267 (4th Cir. 2014), we "conclude[d] that N.C. Gen. Stat. § 14-54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary" and "therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)." *Id.* at 272. Lowery relies in part on several intervening Supreme Court cases, including *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Stitt*, 139 S. Ct. 399 (2018), to argue that North Carolina breaking and entering is, in fact, categorically broader than generic burglary. However, we recently reaffirmed our prior holding in *Mungro*, notwithstanding *Mathis* and *Stitt*. *United States v. Dodge*, 963 F.3d 379, 383–85 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1445 (2021).

2

"[O]ne panel [of this court] cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted). Because *Mungro* and *Dodge* foreclose Lowery's challenges to his ACCA enhancement, we find no reversible error in his term of imprisonment.

Turning to Lowery's supervised release conditions, the Government concedes, and Lowery agrees, that the discretionary conditions of supervised release orally announced by the district court are inconsistent with those listed in the written judgment, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Although "the [G]overnment's concession of error is not binding on this court," *United States v. Hairston*, 522 F.3d 336, 340 (4th Cir. 2008), the parties' assertion of *Rogers* error finds support in the record. And, as we recently clarified, the remedy for a *Rogers* error "is to vacate the sentence" in its entirety "and remand for the district court to resentence" the defendant. *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021). Because vacatur and remand is warranted on this basis, we need not reach Lowery's remaining challenges to his supervised release conditions. *See id.*

Accordingly, we vacate the district court's judgment and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*