**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4209**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

REGINALD ANDRE MOLETTE,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:15-cr-00086-FL-1)

_____

Submitted: February 16, 2022          Decided: February 24, 2022

_____

Before GREGORY, Chief Judge, THACKER and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Andre Molette pleaded guilty, pursuant to a plea agreement, to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Molette under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to a term of 188 months' imprisonment. On appeal, Molette argues that his § 922(g) conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and that the district court erred by classifying him as an armed career criminal. We affirm.

Molette first argues that his § 922(g) conviction is invalid because the indictment did not charge each element of the offense and the district court did not advise him during the plea hearing that the Government was required to prove that he knew he belonged to the relevant category of persons barred from possessing a firearm. Because Molette did not raise this argument before the district court, our review is for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021). As the Supreme Court recently explained, to obtain relief pursuant to *Rehaif* on plain error review, a defendant must demonstrate that "there is a reasonable probability that he would not have pled guilty" had the district court "correctly advised him of the *mens rea* element of the offense." *Id.* at 2097 (internal quotation marks omitted). Molette makes no such argument on appeal; rather, he has never "argued or made a representation that [he] would have presented evidence . . . that [he] did not in fact know [he was a] felon[] when [he] possessed firearms" if the district court had informed him of that element of the offense. *Id.* at 2098. Accordingly, we conclude that he is not entitled to relief.

Next, Molette argues that the district court erred by finding that his prior conviction for North Carolina breaking or entering qualified as a violent felony under the ACCA because the "building" element of North Carolina breaking or entering is broader than that of generic burglary. However, as we recently explained, this argument is foreclosed by our decision in *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). *See United States v. Dodge*, 963 F.3d 379, 382-84 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1445 (2021). We therefore conclude that the district court did not err by finding that North Carolina breaking or entering qualifies as a violent felony under the ACCA.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*